**RANOLA OIL COMPANY, a Corporation, Plaintiff In Error,**

v.

**The CORPORATION COMMISSION of the State of Oklahoma and Blaik Oil Company, Defendants In Error.**

**No. 42407.**

Supreme Court of Oklahoma.

Oct. 21, 1969.

Mitchell, Mitchell, DeClerck & Cox, Enid, for plaintiff in error.

Nell Rhodes Fisher, Asst. Conservation Atty., Walker & Watson, Oklahoma City, for defendants in error.

HODGES, Justice.

This appeal involves an application before the Corporation Commission for pooling the interests of all the mineral owners in the Oswego Lime and the Mississippian Lime formations underlying Section Two (2), Township Twenty (20) North, Range Eight (8) West, Indian Meridian, Garfield County, Oklahoma.

The questions raised on appeal are, whether the notice given was in accordance with the Rules of the Corporation Commission and the statutes of the State of Oklahoma and whether the decision of the Corporation Commission was sustained by the evidence.

Plaintiff in error, who is the owner of 20 acres of minerals in the area proposed to be pooled, maintains that there was a failure of compliance with the notice provisions of 52 O.S. § 87.1(a). Plaintiff asserts that this subsection is the one applicable to the hearing on the pooling application filed by the defendant in error, Blaik Oil Company. Defendant in error responds that the provisions in 52 O.S. Section 97, govern the requirements of notice for hearing on pooling applications.

The notice provisions by subsection 87.-1(a), requires that 15 days' notice be given by publication in a newspaper of general circulation in Oklahoma City and in the county where the lands in controversy are located, at least 15 days prior to the hear-

ing. Section 97 requires only a ten day notice be published in an Oklahoma City newspaper of general circulation.

Additionally, General Rule 4, Art. I, of the Rules of The Corporation Commission requires that an affidavit listing names and last known addresses of all the known lessees be attached to applications for pooling orders, and the Corporation Commission will mail notice to all persons named in said affidavit. Special Rule 4 of Art. II, requires ten days notice by publication in a newspaper of general circulation in Oklahoma City, and notice mailed five days prior to the hearing to every producing operator in the State who has made previous written request to be so notified and that such notice be signed by at least a majority of the Commission.

Plaintiff in error's claim that the notice is defective is based upon the contention that the notice of the hearing was published in a newspaper in Oklahoma City for a period of only ten days and not for fifteen days as required by subsection (a) and that no publication was made in Garfield County where the land in question is located. Also they complain the copy of the notice they received was not signed by the Commission, and was not sent to their proper address.

■ The notice requirements of 87.1 subsection (a), pertain to petitions directed at well spacing or drilling units as stated in the subsection. Applications for pooling orders come under subsection (d) which makes no provisions for notice, other than to require that notice be given. On the other hand Section 97 states the requirements for notice regarding hearings on matters authorized or provided for by sections 84 through 135 of this title, which include pooling orders. That is to say, Section 97 will apply if subsection (a) does not apply. Subsection (a) does not apply as it is limited to applications for well spacing and drilling units (also matters that arise under subsection (c) which are not in issue here).

■ Also, we find no merit to plaintiff in error's other contentions for defective notice. An absence of signatures on a copy of a notice is not a fatal defect sufficient to invalidate the notice. The original of the notice in the files of the Commission shows that it was signed by all members of the Commission. Plaintiff in error's complaint that the notice was defective because it was not mailed to their proper address is also groundless. Even though notice may have been sent to the wrong address, plaintiff in error received a copy of it according to his own testimony and had actual notice of the hearing. In the absence of showing any prejudice by reason of these complaints in the notice or the manner of its service, we find the contentions of the plaintiff in error to be insignificant and inconsequential.

Plaintiff in error further maintains that the decision of the Commission in denying him the "third alternative" in a "three way order" is not supported by the evidence. The three way order is a device whereby the party who has a mineral interest in an area to be pooled has the option within a certain time to elect whether he will be carried by the operator or producer of the well as to his proportionate interest for the costs of drilling the well on a percentage penalty basis, or whether he will participate in the costs of drilling the well, or whether he will accept a bonus as compensation in lieu of participating in the working interest of the well.

■ The "third alternative" is merely a creature of the Corporation Commission, and is not given as a matter of right. The mandate of the statute, 52 O.S. § 87.1(d), only requires that the order of the Commission, "be upon such terms and conditions as are just and reasonable and will afford to the owner of such tract in the unit the opportunity to recover or receive without unnecessary expense his just and fair share of the oil and gas."

■ The order of the Commission gave the plaintiff in error ten days to either participate in the drilling costs of the

well or to lease his interest for $25.00 per acre with 1/16th of 5/8th overriding royalty. It is incumbent upon this court to determine on review whether this order accomplishes the purpose of the statute on such terms and conditions that are just and reasonable. The power of review, however, is limited in cases of this nature to determine whether the Commission has regularly pursued its authority and whether the findings and conclusions are sustained by the law and substantial evidence. Wilcox Oil Company v. Corporation Commission, Okl., 393 P.2d 242.

On examination of the record we find there is substantial evidence to support the order of the Commission. The evidence shows that the defendant in error has approximately 95% of the lands under lease in the proposed 640 acre drilling unit; that the proposed well was being drilled in a proven field at the time of the hearing; that the plaintiff in error is an oil company with such an extensive knowledge of the oil business and in particular the operations and development of the area in question that a ten day option to elect whether to participate in the costs of drilling or to lease their 20 acre interest is a reasonable length of time. The evidence also supports the order fixing the sum of $96,000.00 as the costs of drilling and completing the well, but in event there is a dispute as to the costs after the well is completed the order provides that the Commission retains jurisdiction for the purpose of redetermining the cost. Also, the evidence supports the Commission's finding and conclusion that the sum of $25.00 per acre and a 1/16th of 5/8th override is a fair and reasonable bonus to be paid for a lease in lieu of the right to participate in the working interest in the well. Although there may be conflicting evidence as to the fair market value of an oil and gas lease on the property, we are not privileged to weigh the evidence upon review, but merely to determine if there is substantial evidence to support the findings and conclusions of the commission. Crews v. Champlin Oil and Refining Company, Okl., 413 P.2d 508.

We find the terms and conditions of the order of the Commission to be just and reasonable and supported by substantial evidence.

Order affirmed.

All Justices concur.