TEXAS OIL AND GAS CORPORATION and
the Corporation Commission of the State
of Oklahoma, Appellees,

v.

A. H. REIN and Gladys Rein,
Appellants.

No. 44753.

Supreme Court of Oklahoma.

Jan. 29, 1974.

Rehearing Denied May 20, 1975.

Barth P. Walker, Barth P. Walker, Inc., Walker & Watson, Oklahoma City, for appellee, Texas Oil and Gas Corp.

Samuel K. Barton, Arnett, for appellants.

BERRY, Justice:

This action was commenced by Texas Oil and Gas Corporation [applicant] by filing application requesting the Corporation Commission to pool and adjudicate the rights and equities of oil and gas owners in certain formations underlying Section 4, Township 17 North, Range 18 West, Dewey County, Oklahoma, which formations had previously been designated as drilling and spacing units.

The evidence indicated applicant owned oil and gas leases covering the north 480 acres of the section, appellant Rein [Rein] owned the surface and minerals of the south 160 acres, which was unleased, and the parties had been unable to agree to voluntarily pool their interests.

The Commission entered an order granting the application and designating applicant as operator of the well. The order offered Rein an election to participate in the well by agreeing to pay his proportionate share of the actual cost of the well or to receive a bonus of $25 per acre plus a royalty of $\frac{1}{16}$ of $\frac{7}{8}$ in excess of the normal $\frac{1}{8}$ royalty. Rein appeals.

■ Rein first contends the Commission was without authority to enter the order because at the time the application was filed the spacing order did not authorize drilling of a well at any location other than the center of the section. He then contends 52 O.S.1971 § 87.1(d), prohibits drilling of wells at locations other than that fixed by the spacing order.

Section 87.1(b) provides the order creating the spacing unit shall designate the well location and the well shall be drilled at the location thereon prescribed by the Commission unless an exception is granted by the Commission.

In a companion case [No. 44,752] the Commission granted appellant's request to locate the well in the S/2 of the S/2 of the section and that order has been affirmed on appeal. Texas Oil and Gas Corp. v. A. H. Rein and Gladys Rein, Okl., 534 P.2d 1277. Therefore this contention is without merit.

In his proposition II Rein contends the Commission's order deprived him of a trial by jury and thereby deprived him of property without due process of law. In his proposition III he argues that the order was contrary to both the law and the evidence.

The essence of these contentions is that the effect of the order in this case, and the order in the companion case concerning the well location, is to grant applicant the right to drill upon Rein's property even though he has never contracted or consented to allow anyone to drill thereon.

We have considered this argument in the companion case of Texas Oil and Gas Corp. v. Rein, supra, and need not discuss it further herein.

■ Rein next contends the bonus established in lieu of participation is arbitrary, unreasonable, and discriminatory, and would not compensate Rein for his fair equitable and reasonable share of unit production.

Applicant's evidence indicated that during the six months preceding the hearing it had acquired leases on the other 480 acres in the spacing unit on the same terms offered to Rein.

The only rebuttal offered by Rein was his statement that he had been informed owners of other lands in the vicinity had received higher bonuses. Although there may be conflicting evidence as to the value of an oil and gas lease on the property, we are not privileged to weigh the evidence upon review, but merely to determine if there is substantial evidence to support the findings and conclusions of the Commission, Ranola Oil Company v. Corporation Commission, Okl., 460 P.2d 415. We therefore conclude this contention is without merit.

■ Rein next contends the Commission erred by failing to require applicant to comply with 52 O.S.1971 § 287.4. That statute is a part of the Unitization Act and is not applicable to this proceeding.

In his final contention Rein contends the court should allow him to participate in the well as a working interest owner by paying his proportionate share of cost of the well out of production from the well.

This alternative, referred to as "the third alternative", is merely a creature of the Commission and is not given as a matter of right. Section 87.1(d) only requires the order of the Commission be upon such terms and conditions as are "just and reasonable and will afford to the owner of such tract in the unit the opportunity to recover or receive without unnecessary expense his just and fair share of the oil and gas." Ranola Oil Company v. Corporation Commission, supra.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, LAVENDER, BARNES and DOOLIN, JJ., concur.

SIMMS, J., dissents.