**TEXAS OIL AND GAS CORPORATION and
the Corporation Commission of the State
of Oklahoma, Appellees,**

v.

**A. H. REIN and Gladys Rein,
Appellants.**

**No. 44752.**

Supreme Court of Oklahoma.

Jan. 29, 1974.

Rehearing Denied May 20, 1975.

Barth P. Walker, Barth P. Walker, Inc., Walker & Watson, Oklahoma City, for appellee, Texas Oil and Gas Corp.

Samuel K. Barton, Arnett, for appellants.

BERRY, Justice:

Texas Oil and Gas Corporation [applicant] commenced this action by filing application before the Corporation Commission alleging certain formations underlying Section 4, Township 17 North, Range 18 West, Dewey County, Oklahoma, had heretofore been established as a drilling and spacing unit, and requesting the order be amended to permit a well to be drilled at a location 660 feet from the west line and 660 feet from the south line of the Unit Boundary.

At the time the application was filed appellant Rein [Rein] owned the surface and mineral interest in the S/2 of the S/2 of the section and his mineral interest was not under lease.

Evidence was introduced indicating a well had previously been drilled in the center of the section, the well could not compete for hydrocarbons underlying Section 4, and a well at the proposed location could arrest uncompensated drainage. The Commission granted the application subject to downward adjustments to allowables and Rein appeals.

In a companion case [No. 44,753] the Commission entered an order granting applicant's application requesting the Commission to pool the interests and adjudicate the rights and equities of the oil and gas owners in the drilling and spacing unit. That order designated applicant as the party authorized to drill the well on the Unit. It further provided all owners of the right to drill on the unit who had not agreed with applicant to develop were entitled to elect to participate in the well by agreeing to pay a proportionate part of the costs of drilling the well or to elect to accept a bonus plus royalty from production from the well. That order has been affirmed this day in Texas Oil and Gas Corporation et al. v. Rein et ux., Okl., 534 P.2d 1280.

In this appeal Rein first alleges the Commission did not have jurisdiction to enter the order because no evidence was introduced indicating applicant had an interest in the minerals in the SW/4 of the SW/4 of the section. In this regard he cites 52 O.S.1971 § 87.1, which authorizes the Commission to enter an order after hearing upon petition of any person owning an interest in minerals embraced within the common source of supply or the right to drill upon lands embraced within the common source of supply.

The previous spacing order established formations underlying Section 4 as a common source of supply. The evidence presented in this case and the companion case warrant a finding applicant held oil and gas leases covering the north 480 acres of the Section. Therefore, we conclude this contention is without merit.

Rein next contends the order denied him of his right to trial by jury, thereby depriving him of his property without due process of law, and that the Commission's order is contrary to the law and evidence.

The essence of these two contentions is that Rein has not consented to location of the well upon his property, the effect of the two orders is to allow applicant to drill upon Rein's property over Rein's objection, and no statute or case law authorizes the Commission to enter such an order. Rein therefore contends the Commission's order is invalid to the extent it authorizes a well location upon his property. He further contends if the order is valid he is entitled to a jury trial on the issue of damages which he will incur as a result of having the well located upon his property.

In support of this contention Rein first cites 52 O.S.1971 § 146. That section grants the Commission and certain opera-

tors of oil and gas leases the right of condemnation for purposes of condemning pipeline right of ways for disposal of salt water and deleterious substances. It provides it "shall not be construed to authorize the obtaining of any other rights for drilling locations or other facilities."

We conclude the purpose of the proviso was to limit the power of eminent domain granted by § 146; neither applicant nor the Commission purports to rely upon the power of eminent domain granted therein; and therefore that section has no application to the present case.

■ 52 O.S.1971 § 87.1(b) provides the well drilled on a spacing unit shall be drilled at the location prescribed by the Commission with such exception as may be reasonably necessary where it is shown that for some reason drilling of the well at the prescribed location would be inequitable or unreasonable.

Section 87.1(d) provides where the owners of two or more separately owned tracts embraced within an established spacing unit have not agreed to pool their interests, and one owner has drilled or proposes to drill a well on the unit to the common source of supply, the Commission, to avoid drilling of unnecessary wells, or to protect correlative rights, shall upon proper application and hearing require such owners to pool and develop their lands in the spacing unit as a unit. The section further provides the order shall be upon such conditions as are just and reasonable and will afford to the owners of such tract in the unit the opportunity to recover or receive without unnecessary expense his just and fair share of the oil and gas.

We have previously held that the Commission has considerable discretion in determining which owner is entitled to drill and operate the unit well. Superior Oil

Co. v. Okla. Corp. Commission, 206 Okl. 213, 242 P.2d 454.

We conclude § 87.1(b) authorizes the Commission to establish the well location at any location upon the spacing unit and that § 87.1(d) authorizes the Commission to pool the working interests within the spacing unit and designate an operator to drill and operate the well at the designated well location.

To hold otherwise would frustrate the intent of the Act because the owner desiring to drill would not be entitled to do so unless he held a lease covering the well location designated by the Commission.

■ Rein contends the effect of the orders in this case and the companion case is to deprive him of his right to a trial by jury on the issue of damages.

We have previously held § 87.1 does not confer jurisdiction upon the Commission to try damage suits. Neither of the orders purport to award or deny any compensation to Rein for damages. Kingwood Oil Co. v. Hall-Jones Oil Corp., Okl., 396 P.2d 510.

■ Where the Commission's order is supported by substantial evidence its order must be sustained. Superior Oil Co. v. Oklahoma Corp. Commission, supra. Here applicant's witnesses testified a well in the center of section 4 could not successfully compete for hydrocarbons under section 4, that uncompensated drainage was occurring, and a well at the proposed location could compensate for future drainage. Therefore, we conclude this contention is without merit.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, LAVENDER, BARNES and DOOLIN, JJ., concur.

SIMMS, J., dissents.