Gene STIPE, Petitioner,

v.

The Honorable Harold C. THEUS, Judge of the District Court, Oklahoma County, State of Oklahoma, Respondent.

No. 53558.

Supreme Court of Oklahoma.

Nov. 13, 1979.

Gene Stipe and Stephen H. Buzin, Stipe, Gossett, Stipe, Harper & Estes, Oklahoma City, for petitioner.

Gregory L. Mahaffey and Richard K. Books, Watson, McKenzie & Moricoli, Oklahoma City, for respondent.

IRWIN, Vice Chief Justice.

Pursuant to an application filed by Davis Oil Company (Davis) the Oklahoma Corporation Commission (Commission) issued its order pooling certain mineral interests in Canadian County. Gene Stipe (Petitioner), one of the pooled mineral owners, elected to participate in the development by agreeing to pay his proportionate share of the drilling costs. Davis was designated the unit operator and commenced drilling operations.

Davis invoiced petitioner on a regular basis for his proportionate share of the costs. Petitioner made payments as invoiced until a dispute arose concerning the reasonableness of the costs. Petitioner refused to make further payments, and Davis commenced an action in the district court to recover the sum allegedly due.

Petitioner filed a motion to dismiss the district court action on the theory that under 52 O.S.1977 Supp. § 87.1(e),[1] the Commission is the proper forum to settle the dispute relative to proper costs. The trial court overruled petitioner's motion to dismiss.

Petitioner then filed an application with the Commission in the same cause[2] in which the pooling order had been issued for a determination of the proper costs. Thereafter, he filed an application to stay the district court action until the Commission could determine the proper costs. This application for a stay was overruled and petitioner commenced this original proceeding.

Davis concedes that the Commission has jurisdiction under § 87.1(e) to determine the proper costs but contends that such jurisdiction is not exclusive because the district court under Article 7, § 7, Okl.Const., "shall have unlimited original jurisdiction of all justiciable matters."

One reason asserted by Davis for proceeding in the district court instead of the Commission is that the unit well is marginal and it would never receive full payment of petitioner's unpaid well costs out of his share of production. Davis does not want a lien against petitioner's mineral leasehold estate, but a money judgment against him which would be enforceable by the statutory procedures for money judgments rendered by the district court.[3]

We agree with Davis that the district court has jurisdiction to adjudicate its action to recover on an open account. However, in view of the specific language in § 87.1(e) "[i]n the event of any dispute relative to such costs, the Commission shall determine the proper costs," it is only proper that we also examine the jurisdiction of the Commission.[4]

1. 52 O.S.1977 Supp. § 87.1(e), in reference to costs in a pooling order, provides:
   "* * * Such pooling order of the Commission shall make definite provisions for the payment of cost of the development and operation, * * *. In the event of any dispute relative to such costs, the Commission shall determine the proper costs after due notice to interested parties and a hearing thereon."

2. The pooling order involved is Commission Order No. 129103 in cause No. CD 76,768, and it recited:
   "* * * in all events, such owner's cost in said well shall not exceed its proportionate part of the actual or reasonable costs thereof which shall be determined by the Commission in the event there is a dispute as to such costs * * *."
   In addition to petitioner's contention that the Corporation Commission is the proper forum to settle a dispute relative to costs, petitioner contends Davis is estopped to deny the validity of the Commission's order.

3. See note 7, *infra.*

4. Assuming arguendo that the Legislature could constitutionally confer exclusive jurisdiction in the Corporation Commission to determine the proper costs in the event of a dispute

The Corporation Commission has exclusive authority to regulate the conservation of oil and gas and the drilling and operation of oil and gas wells. 17 O.S.1971, § 52. It has the "power to establish well spacing and drilling units * * * covering any common source of supply, * * *." 52 O.S.1977 Supp., § 87.1(e). Where there are separately owned tracts, or undivided interests separately owned, or both, within an established spacing unit, and the owners have not agreed to pool their interests for joint development, upon proper application and hearing the Commission may "require such owners to pool and develop their lands in the spacing unit as a unit." The Commission shall make definite provisions in a pooling order for the payment of costs of the development and operation, and "In the event of any dispute relative to such costs, the Commission shall determine the proper costs after due notice to interested parties and a hearing thereon." 52 O.S.1977 Supp., § 87.1(e). The pooling order in the case at bar contained a proviso in reference to a dispute as to costs.[5]

§ 87.1(e) empowers the Commission in settling a dispute to determine the proper costs and to establish the amount that may be owing. The Commission's order settling a dispute is appealable to the Supreme Court, and unless appealed, becomes final. The operator of the unit, in addition to any other right provided by the pooling order or orders of the Commission, has a lien on the leasehold estate or rights owned by such owner and upon owner's share of production from the unit to the extent that costs incurred are charged against his interest by order of the Commission or by operation of law. § 87.1(e) does not authorize the Commission to enforce the operator's lien against the owner's mineral leasehold estate,[6] but it does empower the Commission to provide that the operator shall be entitled to the owner's share of production, after payment of royalty, until the operator has been paid the amount due under the terms of the pooling order or order settling such dispute.

Reviewing the provisions of § 87.1(e), it appears the Legislature, in providing the Commission *shall* determine the proper costs in the event of a dispute, recognized that such responsibility would be merely a continuation of the Commission's regulatory authority in that a determination of ·the proper costs would be an integral part of regulating the conservation and production of oil and gas. It also appears the legislature did not intend to extend the Commission's authority beyond that necessary to regulate the conservation and production of oil and gas because the Commission was granted only limited powers to enforce its "proper cost" determination.[7] However, we will not presume the Legislature intended to divest the district court of any of its constitutional jurisdiction when it conferred continuing jurisdiction in the Commission to determine costs in the event of a dispute arising from a forced pooling order.

An intolerable conflict of jurisdiction exists here between the Commission and the district court since both tribunals have jurisdiction to determine the disputed issue, i. e., what are the reasonable and proper costs? This conflict should not continue, and only one tribunal should make the determination.

in the drilling and development of a pooled oil and gas drilling unit, § 87.1(e) may not be construed as conferring or a Legislative attempt to confer, such exclusive jurisdiction.

5. See note 2, *supra*.

6. A certified copy of the Commission's order settling a dispute should be filed in the office of the Clerk of the District Court of the county in which the mineral leasehold estate is located and enforcement of the lien would be under district court proceedings.

7. A Commission's order settling a dispute as to costs is not enforceable by the Commission, except the Commission may authorize a debtor-owner's share of production, after payment of royalty, be paid to the operator until the owner's proportionate share of the costs are paid. Also the Commission's order settling a dispute could be the basis for establishing a judgment against owner in the district court.

*Autry v. District Court of Muskogee County,* Okl., 459 P.2d 865 (1969) involved a conflict in jurisdiction between the district courts of Oklahoma and Muskogee counties in separate maintenance and divorce actions. The wife had brought an action for separate maintenance in the District Court of Oklahoma County and obtained orders for temporary support for herself and children and for temporary attorney fees. One week later the husband filed an action for divorce in the District Court of Muskogee County and obtained an order enjoining the wife from proceeding further in the Oklahoma County separate maintenance action. In an original proceeding in this Court the wife sought to prohibit the District Court of Muskogee County from further proceedings on the theory that since the Oklahoma County action was filed first, venue and jurisdiction were properly in Oklahoma County. In discussing the wife's contentions we said:

"The cases cited by the wife in support of her position are not precisely in point on the facts. In *State ex rel. Medlin v. Ferris,* Okl., 405 P.2d 156, we considered a situation where successive actions for separate maintenance had been filed in separate counties, first by the wife and then by the husband; the second court was prohibited from proceeding. In *Willbrook v. Worten,* 137 Okl. 148, 278 P. 388, the husband filed suit for divorce in one county and the wife later filed a suit for separate maintenance in another county; this court prohibited further proceedings in the separate maintenance action. In *McAdams v. District Court of Oklahoma County,* 197 Okl. 237, 169 P.2d 1101, successive actions for divorce in different counties were filed, first by the husband and then by the wife; the second court was prohibited from proceeding. All of these cases rest upon the well settled general rule that the exercise of concurrent jurisdiction is controlled by the principle of priority. Under this principle, the court that first exercised jurisdiction thereby acquires exclusive jurisdiction to proceed further in the case. 20 Am. Jur.2d Courts, Sec. 128 et seq.

However, the priority principle is applicable only when the cases involved are identical as to subject matter, parties, and *relief sought,* and the identity as to subject matter, parties and relief sought must be such that a final adjudication of the case in the first court would, as res judicata, be a bar to further proceedings in the second court. 20 Am.Jur.2d Courts, Sec. 131."

Although we determined that only the Muskogee County District Court had jurisdiction to grant full relief and determine the entire controversy, we held the wife was entitled to proceed in the Oklahoma County District to enforce any rights which may have accrued to her under the temporary orders of the Oklahoma County District Court.

In the case at bar the relief sought by Davis in the district court is different from the relief sought by petitioner before the Commission. Since the Commission is a tribunal of limited jurisdiction and the district court has unlimited original jurisdiction of all justiciable matter, the district court, as was the Muskogee County District Court in *Autry,* is the only tribunal that can grant Davis full relief, if as it contends, the unit well·is marginal and petitioner's proportionate share of the production will not pay his proportionate share of the costs. However, petitioner, as did the wife in *Autry,* has certain rights, and one of these is the right for the Commission to determine the proper costs in the event of a dispute. Sec. 87.1(e) grants this right and the pooling order specifically followed the statute.

Petitioner is not entitled to a writ prohibiting the respondent judge from further proceeding in Davis' district court action but is entitled to a stay of that proceeding until the Commission makes or has made disposition of petitioner's application to determine proper costs.

ORIGINAL JURISDICTION ASSUMED; WRIT OF PROHIBITION DENIED; AND THE DISTRICT COURT PROCEEDING IS ORDERED STAYED UNTIL THE COMMISSION MAKES OR HAS MADE DIS-

POSITION OF PETITIONER'S APPLICATION TO DETERMINE PROPER COSTS.

LAVENDER, C. J., and BARNES, DOOLIN, HARGRAVE and OPALA, JJ., concur.

HODGES and SIMMS, JJ., concur in result.

WILLIAMS, J., concurs in part and dissents in part.