MAY PETROLEUM, INC., Appellant,

v.

The CORPORATION COMMISSION OF
the STATE OF OKLAHOMA, and
Herman George Kaiser, Appellees.

No. 51259.

Supreme Court of Oklahoma.

April 13, 1982.

Rehearing Denied May 19, 1983.

As Corrected June 9, 1983.

H.B. Watson, Jr., Richard K. Books, Watson, McKenzie & Moricoli, Oklahoma City, for appellant.

Harry C. Marberry, Oklahoma City, for appellee, Herman George Kaiser.

PER CURIAM:

This case comes to us from the Corporation Commission.

After application and hearing the Corporation Commission issued Order No. 132013, which permitted a second well on 640 acre drilling and spacing unit, and allowed it to be drilled off pattern in an attempt to reach a portion of the Morrow-Springer formation that was not encountered in the on-pattern well. The appellant, May Petroleum, has an interest in an adjoining well, which, if the appellant is to be believed, will suffer from uncompensated drainage if the off-pattern well is completed according to Corporation Commission Order No. 132013.

The question of whether or not the Corporation Commission had jurisdiction is raised and is considered first.[1] The Corporation Commission is a body of limited jurisdiction and its jurisdiction is derived expressly or impliedly from the constitution and statutes. *Kingwood Oil Co. v. Hall-Jones Oil Corp.*, 396 P.2d 510 (Okl.1965).

The general statutory reference as to Corporation Commission's jurisdiction in oil and gas conservation is 52 O.S.1971, § 97, which reads in part:

"The Commission upon its own notice, or upon the petition of the Attorney General, or of the Proration Attorney, or of

---

1. The record reveals that the standing and interest of Herman George Kaiser was raised by Appellant, May Petroleum, on two occasions at two different hearings before the Commission.

The Appellant likewise raised same on appeal by including the jurisdictional question in its timely-filed Petition in Error.

the Proration Umpire,[2] on behalf of the State or of any operator, producer, or taker of oil from any common source of supply, to be affected by any such order, rule or regulation, filed with commission, shall have jurisdiction to make any and all orders, rules and regulations authorized and/or provided for in sections 1 to 13 of this Act, inclusive ..."

Such statutory authority would appear to allow the Commission on its own motion to issue all types of orders. However the general power or authority of the Corporation Commission is limited by the specific provision found in 52 O.S.Supp.1977, § 87.1(d):

"The Commission shall have jurisdiction upon the filing of a proper application ... to permit additional wells to be drilled within the established units, ..."

■ With this provision, there is added the requirement of a "proper application." Proper application is defined indirectly by 52 O.S.Supp.1977, § 87.1(a), where it provides in part:

".... Any order issued pursuant to the provisions hereof may be entered ... upon the petition of any person owning an interest in the minerals in ... such common source of supply, or the right to drill a well for oil or gas ... embraced within such common source of supply..."

Taken together these provisions indicate that the Corporation Commission has jurisdiction to order an additional well at an excepted location *only* after a petition is presented by a person who owns an interest in the minerals or the right to drill for oil and gas,[3] or by the conservation officer.

■ In the instant case the original challenge to the jurisdiction of the Corporation Commission made by the appellant is based on a lack of interest by Herman George Kaiser, the applicant for the additional off-pattern well. It was shown at the hearing that Herman George Kaiser personally owns no interest in the minerals or the right to drill in the unit in question.

Since it is shown from the statute, 52 O.S.Supp.1977, § 87.1(a), that an interest in the minerals or a right to drill is necessary, an application by Herman George Kaiser could not vest the Corporation Commission with jurisdiction to enter the order in question unless he is of the designated class. Kaiser-Frances Oil Co. is apparently a corporation or other entity (partnership) differing from the person of Herman George Kaiser.

We find it unnecessary to consider the appellees' arguments concerning partnerships and co-tenancy thereunder, title 54 O.S. § 225. See also 12 O.S.1971, § 1082(a).[4]

We do not comment on the remainder of appellant's contention because the order entered without jurisdiction is void and of no effect. The Corporation Commission is directed to dismiss this matter for lack of jurisdiction.

We reverse, for Herman George Kaiser is not the real party in interest, 12 O.S.1971, § 221.[5]

---

**2.** Proration Attorney & Umpire now conservative attorney and Conservation Officer, 52 O.S. 1971, § 81 and §§ 1 to 13 of the act, now §§ 84 to 96 (repealed in part).

**3.** *Texas Oil and Gas Corp. v. Rein,* (Okl.) 534 P.2d 1277, 1278.

**4.** *Layman v. Readers Digest Association,* 412 P.2d 192 (Okl.1965), holds a partnership is a distinct entity from the individuals that compose it; see also *Southard v. Oil Equipment Corp.,* 296 P.2d 780 (Okl.1956). In *White v. Tulsa Iron & Metal Corp.,* 185 Okl. 606, 95 P.2d 590 (1939), we specifically held one partner could not maintain a cause of action for conversion of partnership property.

54 O.S.1971, § 209(1) requires execution "in the partnership name" of instruments for carrying on the business of the partnership. The application of Herman George Kaiser does not indicate a partnership name or interest; he signs as an individual.

**5.** When the Corporation Commission conducts hearings for prevention of waste or the protection of correlative rights by regulation of production, the Commission must act either under rules of procedure and evidence provided by itself or by the Legislature, *Wilcox Oil & Gas Co. v. State,* 162 Okl. 89, 19 P.2d 347, 348. See also syllabus 6.

REVERSED AND REMANDED with instructions to dismiss these proceedings.

BARNES, V.C.J., and HODGES, LAVENDER, DOOLIN, HARGRAVE and WILSON, JJ., concur.

IRWIN, C.J., and SIMMS, J., concur in result.

OPALA, J., dissents.