**Richard W. McDOWELL, Appellant,**

**v.**

**Don E. AUSTIN, Court Clerk, Tulsa County; Tom McDaniel, State Court Director, State of Oklahoma; David Moss, District Attorney, Tulsa County; Appellees.**

**No. 62386.**

Supreme Court of Oklahoma.

April 30, 1985.

---

Ken V. Cunningham, Tulsa, for appellant.

Neal Leader, Asst. Atty. Gen., Oklahoma City, Susan K. Morgan, Asst. Dist. Atty., Tulsa, for appellees.

SUMMERS, Justice.

On July 15, 1983 the plaintiff (Appellant) entered a plea of guilty to a charge of Driving While Intoxicated. Pursuant to a plea bargain agreement, the court sentenced him to one year in the county jail, suspended, fined him Three Hundred Dollars ($300.00) and ordered him to pay court costs in the amount of One Hundred and Forty Dollars ($140.00), which costs are set by statute at 28 O.S. 1981 § 153. Appellant was advised of his right to appeal. At no stage of the proceeding did the appellant raise any question as to the constitutionality of the statute for court costs. In fact, he paid the costs.

In February, 1984 appellant filed an action under the Declaratory Judgment Act requesting the court to declare the statute in question unconstitutional and for other relief including a money judgment for plaintiff and other members of a class similarly situated. Appellees McDaniel, Moss and Austin filed special appearances for the purpose of objecting to the court's subject matter jurisdiction. At the hearing held thereon, the trial court ruled that the plaintiff should have raised the question of the constitutionality of the court costs statute at the trial level in the traffic case. Because he failed to do so, he could not use the Declaratory Judgment Act to raise the question at this later date. The court sustained the Appellees' Motions to Quash for lack of subject matter jurisdiction and dismissed the case.

### *Plaintiff Appeals*

The Declaratory Judgment Act, 12 O.S. 1981 § 1651, reads in pertinent part:

"District courts may in cases of actual controversy determine rights, status or other legal relations, ... or validity ... of any statute .... The determination may be made either before or after there has been a breach of any legal duty or obligation, ...."

Appellant asserts that this language is sufficient to give the trial court jurisdiction over his action for declaration of the court costs statute as unconstitutional. Appellees contend that case law construes that language to exclude consideration of final judgments in other cases. They further contend that appellant in bringing the declaratory judgment action in effect sought to appeal an order of the trial court without following the required appellate process.

This court first considered the question in *Mills v. Mills.*[1] Neither party appealed from the final decree of divorce. Later one of the parties brought an action under the Declaratory Judgment Act to interpret or clarify the decree. We held that a judgment of a court of record could not be interpreted or clarified by the Declaratory Judgment Act, and quoted with approval from *Alabama Public Service Commission v. AAA Motor Lines, Inc.,*[2] which stated:

"An action for declaratory judgment cannot be made a substitute for appeal; if the rule were otherwise, a declaratory proceeding would lie to determine whether a prior declaratory proceeding was erroneous, and there would be no end to that kind of litigation."[3]

This court concluded:

"This is not a desirable result."[4]

---

1. 512 P.2d 143 (Okla.1973).

2. 272 Ala. 362, 366, 131 So.2d 172, 177 *cert. den.* 368 U.S. 896, 82 S.Ct. 173, 7 L.Ed.2d 93 (1961).

3. Supra note 1, at 147.

4. Id.

In *Conoco, Inc. the State Department of Health of the State of Oklahoma*,[5] we similarly held:

"... [A]n action for declaratory judgment is not maintainable in lieu of an appeal by a party who wishes to re-examine aspects of a prior judgment or decree by which the controversy has already been adjudicated and legal relations established."

Moreover, this court specially held in *Mills*, supra:

"... Oklahoma's Declaratory Judgment Act, 12 O.S. 1971 § 1651 et seq., may not be used to interpret or determine rights fixed by a final decree of a court of competent jurisdiction."[6]

■ There cannot be a declaratory judgment on a judgment from any court in this state.[7] First, such an action is not within the terms of our statute, and second the formality of a judgment must be respected in order to insure the rights of the parties.

■ In response to the contention that the trial court in this traffic case never addressed the issue or entered an order on the question of constitutionality of the court cost statute, we must point out that the principal of collateral estoppel has long precluded a party from raising an issue in a later action if that issue could have been litigated in the prior proceeding. In *Citizens State Bank v. Hall*,[8] we cited *Ward v. Ayres*, with approval wherein we held:

"A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject matter, not only as to all matters litigated and determined in the former action but also as to all matters germane to issues which could or might have been litigated therein."[9]

■ It is basic that the constitutionality of the court costs statute was a question which could have and should have been raised before the trial judge in the traffic case, and since appellant failed to do so he is now estopped from bringing a separate action to challenge the statute.

*Alabama Public Service Commission v. AAA Motor Lines, Inc.*[10] states:

"The purpose of a declaratory judgment is to declare rights not theretofore determined and is not to determine rights previously adjudicated. (Citations omitted). The reasoning appears to be that when a controversy has once been adjudicated by a tribunal having jurisdiction of parties and subject matter, the controversy is no longer an actual one under the declaratory judgment act."

There being no actual controversy of a justiciable nature before the trial court, the court correctly dismissed the action.

This ruling is consistent with our opinion in *Moses v. Hoebel*,[11] which holds that court costs must be litigated in the action in which they are taxed, and not in a subsequent suit.

The judgment is AFFIRMED.

All Justices concur.

5. 651 P.2d 125, 132 (Okla.1982).

6. Supra note, at 148.

7. 12 O.S. § 1651 was amended in 1974, after *Mills*, supra, to allow a declaratory judgment on the construction or validity of a foreign judgment.

8. 413 P.2d 513, 515 (Okla.1966).

9. 376 P.2d 579, 582 (Okla.1962).

10. Supra note 2.

11. 646 P.2d 601 (Okl.1982).