FOURPOINT ENERGY v. BCE-MACH II



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:FOURPOINT ENERGY v. BCE-MACH II

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 FOURPOINT ENERGY v. BCE-MACH II
2021 OK CIV APP 46
Case Number: 119772
Decided: 10/22/2021
Mandate Issued: 11/17/2021
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2021 OK CIV APP 46, __ P.3d __

 

FourPoint Energy, LLC, Plaintiff/Appellant,
v.
BCE-MACH II, LLC, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
BECKHAM COUNTY, OKLAHOMA

HONORABLE JILL C. WEEDON, TRIAL JUDGE

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Jay P. Walters, GABLEGOTWALS, Oklahoma City, Oklahoma, for Plaintiff/Appellant, and
Joseph Y. Ahmad, Timothy C. Shelby, Ryan Hackney, Jordan Warshauer, AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, PC, Houston, Texas, for Plaintiff/Appellant,

Travis P. Brown, Lincoln C. Hatfield, J. Matt Hill, Scott R. Verplank, MAHAFFEY & GORE, PC, Oklahoma City, Oklahoma, for Defendant/Appellee.

THOMAS E. PRINCE, JUDGE:

¶1 FourPoint Energy, LLC ("Appellant") appeals the trial court's July 6, 2021 interlocutory order, which in part sustained BCE-Mach II, LLC's ("Appellee") Motion to Dismiss ("MTD") some of Appellant's claims for lack of subject matter jurisdiction pursuant to 12 O.S. § 2012(F)(3). In its Petition, which Appellee moved to dismiss, Appellant asked the trial court: (1) to declare Appellant operator of scores of oil and gas wells (many of which were subject to Oklahoma Corporation Commission ("Commission") forced pooling orders); (2) to deliver physical operations of the wells at issue to Appellant; and (3) to grant Appellant a monetary award stemming from the alleged breach of dozens of joint operating agreements ("JOAs"). This Court holds that the trial court properly sustained the Appellee's MTD as to Appellant's first two requests due to a lack of subject matter jurisdiction. However, this Court also holds that the trial court erred in granting Appellee's MTD on Appellant's breach of contract claims. Under the controlling law, Appellant should have been given leave to amend its Petition and allege breach of contract for reasons other than the Appellee's failure to turn over operatorship to the Appellant. Accordingly, we affirm in part, reverse in part, and remand this action for further proceedings consistent with this Opinion.

BACKGROUND

¶2 The record in this case begins in early 2020, when Appellant initiated three companion lawsuits against Appellee in Beckham (Case No. CJ-2020-47, filed March 26, 2020), Roger Mills (Case No. CJ-2020-8, filed April 27, 2020), and Washita (Case No. CJ-2020-15, filed April 27, 2020) Counties. All three lawsuits involved the same parties and alleged identical facts and claims for relief.[1]

¶3 Prior to the events giving rise to this dispute, EnerVest Operating, LLC ("EverVest") had been designated as operator of the wells at issue under the applicable JOAs. In areas that were subject to forced pooling orders, EnerVest had applied to the Commission to be designated operator under the pooling orders. The Commission granted EnerVest's applications, and EnerVest remains the designated operator to this day.[2] In late 2019, Appellee purchased all of EnerVest's interest in various properties, including properties subject to Commission pooling orders.

¶4 EnerVest subsequently executed a Multiple Well Transfer Request Form 1073MW transferring operations to Appellee, and the Commission has since approved Appellee as the bonded operator of the pooled wells. See Multiple Well Transfer Request Form 1073MW, Tab 4, Ex. 2. Although the Commission has approved Appellee as the bonded operator of the pooled wells, Appellee has begun filing the necessary applications with the Commission to amend and modify existing pooling orders to designate Appellee as operator of the pooled wells. Even as Appellee awaits Commission approval of its applications, Appellee has been operating the wells.

¶5 According to the Petition, the Appellant thereafter sought: (1) a district court declaration that, pursuant to the applicable JOAs, it (rather than Appellee) is the rightful operator of the wells at issue; (2) an order enjoining Appellee from conducting operations or interfering with the Appellant's operations because Appellant is the rightful successor to EnerVest; and (3) a monetary award for damages arising from Appellee's alleged breach of contract for failure to turn over operatorship to the Appellant. Appellee filed an Answer denying Appellant's allegations, after which several other motions were filed.

¶6 On June 30, 2021, three motions, including the Appellee's MTD, came on for hearing. The trial court heard argument and took the matter under advisement before entering an interlocutory order which in part sustained Appellee's MTD. Although the trial court made other rulings in its July 6, 2021 Order (the "Order"), the trial court only certified for review its rulings on Appellee's MTD, see 12 O.S. § 994(A), which the trial court "granted as to [Appellant's] Declaratory Judgment and Requests for Injunctive Relief on all pooled properties due to lack of subject matter jurisdiction" and "as to [Appellant's] Breach of Contract claims on pooled properties without prejudice." The trial court denied the Appellee's MTD "as to all claims relating to non-pooled properties."

¶7 This appeal, taken from the certified rulings included in the trial court's July 6, 2021 Order, timely followed.

STANDARD OF REVIEW

¶8 "The dismissal of a petition . . . by the trial court is reviewed de novo," Guzman v. Guzman, 2021 OK 26, ¶ 6, __ P.3d __ (mandate issued July 14, 2021), and "is generally viewed with disfavor," Ladra v. New Dominion, LLC, 2015 OK 53, ¶ 8, 353 P.3d 529, 531 (citation omitted). Moreover,

[w]hen evaluating a motion to dismiss, this Court examines only the controlling law, taking as true all of the factual allegations together with all reasonable inferences that can be drawn from them. The party moving for dismissal bears the burden . . . to show the legal insufficiency of the petition.

Ladra, 2015 OK 53, ¶ 8 (citations omitted). Where "relief is possible under any set of facts which can be established and are consistent with the allegations, a motion to dismiss should be denied. A petition can generally be dismissed only for lack of any cognizable legal theory or for insufficient facts under a cognizable legal theory." Miller v. Miller 1998 OK 24, ¶ 15, 956 P.2d 887, 894 (citations omitted).

¶9 A question of statutory interpretation also is presented on appeal. Statutory interpretation presents a question of law, which is reviewed de novo. Corbeil v. Emricks Van & Storage, 2017 OK 71, ¶ 10, 404 P.3d 856, 858 (citations omitted). Under this standard of review, "this Court possesses plenary, independent, and non-deferential authority to examine the lower tribunal's legal rulings." Id. (citations omitted).

ANALYSIS

¶10 While the Appellant presents several propositions of error on appeal, the overarching question before us is whether the trial court erred when it sustained the Appellee's MTD on the issue of subject matter jurisdiction. This Court holds that the trial court properly sustained the Appellee's MTD as to Appellant's request for declaratory judgment and injunctive relief due to lack of subject matter jurisdiction. However, this Court also holds that the trial court erred in granting Appellee's MTD as to Appellant's breach of contract claims. Under the controlling law, Appellant should have had the opportunity to amend its Petition and allege breach of contract for reasons other than Appellee's failure to turn over operatorship to the Appellant. For these reasons, we affirm in part, reverse in part, and remand this action for further proceedings consistent with this Opinion.

Whether the Trial Court Lacked Subject Matter Jurisdiction to Declare Appellant Operator of Force Pooled Wells and to Restrain and Enjoin Appellee From Conducting Operations or Interfering with Appellant's Operations

¶11 Appellant first contends that the trial court erred when it dismissed Appellant's declaratory judgment cause of action and the corresponding request for injunctive relief due to lack of subject matter jurisdiction. In particular, Appellant asserts that binding precedent obliges this Court to hold that where parties have entered into private contracts regarding owner-operator interests, "[r]espective rights and obligations of parties are to be determined by the district court." Tenneco Oil Co. v. El Paso Natural Gas Co., 1984 OK 52, ¶ 20, 687 P.2d 1049, 1053. Because Appellant is mistaken, we hold that the trial court lacked subject matter jurisdiction to provide declaratory and injunctive relief as to the force pooled wells.

¶12 As a threshold matter, where there has been a forced pooling of interests pursuant to a Commission order, district courts cannot provide the relief Appellant requests because, as the trial court observed, the Commission has exclusive jurisdiction to designate an operator. Crest Resources & Exploration Corp. v. Corp. Comm'n, 1980 OK 133, ¶ 5, 617 P.2d 215, 217 ("No attempted transfer of a unit operator's status is effectual unless it is done by order of the Commission and with its express sanction."); cf. Okla. Const. art. IX, § 20 (explaining that only the Supreme Court has the power to review Commission orders); 52 O.S. § 1657 (explaining that the district courts cannot declare rights in Commission orders). While it is clear that working interest owners routinely contract to establish rights and obligations relating to the operation of wells, in reality "[t]he managerial responsibility of a designated unit operator in developing for, producing[,] and selling oil or gas . . . is an exercise of the state police power" that is non-delegable once conferred. Crest Resources, 1980 OK 133, ¶ 6.[3] Though JOAs, including ones with "successor operator provisions" (like those at issue here), are used to supplement forced pooling orders (which are customarily "bare bones," see Tenneco Oil Co., 1984 OK 52, ¶ 28), private contract provisions that purport to transfer Commission-conferred power cannot alter a unit operator's legal status. Only an order of the Commission can. See Crest Resources, 1980 OK 133, ¶¶ 5--7.

¶13 Although the Appellant concedes that the Commission has exclusive control over certain matters of public interest, Appellant erroneously contends that operator designation is one of the plethora of rights (e.g., the rights to "contract as to interests created, duties defined, terms of participation, [and] operations," Tenneco Oil Co., 1984 OK 52, ¶ 1) to be determined by the district courts because the "Commission is a tribunal of limited jurisdiction," id. ¶ 20; see also Samson Resources Co. v. Corp. Comm'n, 1985 OK 31, ¶ 7, 702 P.2d 19, 21 (explaining that "the district courts [are] the proper forum for questions dealing with the respective rights of private parties"). This Court agrees with Appellant insofar as Appellant asserts that parties to a forced pooling order may freely contract as to interests created, duties defined, terms of participation, and operations. Tenneco Oil Co., 1984 OK 52, ¶ 1. This Court also agrees that "[w]here a dispute ar[ises] concerning [private] rights and obligations . . . jurisdiction [] properly lie[s] in the district courts rather than in the Corporation Commission." Leede Oil & Gas, Inc. v. Corp. Comm'n, 1987 OK 117, ¶ 5, 747 P.2d 294, 296.

¶14 What parties to a forced pooling order may not do, however, is redelegate by private agreement the Commission-conferred power to designate a unit operator, nor seek relief in the district courts over certain matters of public interest, including the prohibition and control of waste and the protection of correlative rights. Crest Resources, 1980 OK 133, ¶¶ 5--7; see also Tenneco Oil Co., 1984 OK 52, ¶ 20 (holding "that no private contract or operating agreement may cause or grant a license to commit waste, or diminish correlative rights, control of which is exclusively within [the] power of the Corporation Commission"). Though parties may not argue that a "matter is within the Commission's jurisdiction [because] it involves the shibboleth 'correlative rights'" or waste prevention, see Samson Resources Co., 1985 OK 31, ¶ 1, the Commission's regulatory power to prevent waste and protect correlative rights "continues beyond the establishment of a drilling and spacing unit under circumstances that may result in the drilling of additional wells, compulsory pooling, [etc.]," id. ¶ 9 (Opala, J., dissenting) (emphasis added); Crest Resources, 1980 OK 133, ¶ 7; Patrick H. Martin & Bruce M. Kramer, Jurisdiction of Commission and Court: The Public/Private Right Distinction in Oklahoma Law, 25 Tulsa L.J. 535, 557 (1990) ("[T]he designation of the operator is a matter for the Corporation Commission as part of its responsibility to see that leaseholds are operated as a unit and that correlative rights of the interest holders are protected . . . .") (summarizing Crest Resources, 1980 OK 133). Therefore, where there has been a forced pooling of interests pursuant to a Commission order, as there was in this case, questions as to the Commission's jurisdiction simply do not arise. Okla. Const. art. IX, § 20; 52 O.S. § 1657; Crest Resources, 1980 OK 133, ¶ 5.

¶15 Though the Appellant purports to have petitioned the district court to declare Appellant the operator of the pooled wells and to restrain and enjoin Appellee from operating those wells pursuant to private JOAs, the power to designate an operator of wells subject to pooling orders is exclusively the Commission's--even when private JOA provisions indicate otherwise. Crest Resources, 1980 OK 133, ¶¶ 5--7; see also 1956, 1977, 1982, and 1989 AAPL Form 610 Model Form Operating Agreements (indicating that the private agreements are subject to the conservation laws of the state in which the lands are located and to the valid rules, regulations, and orders of any duly constituted regulatory body). Parties to a forced pooling order may, of course, contract freely as to interests created, duties defined, terms of participation, and operations. But they may not contract to transfer the power to designate a unit operator of pooled wells from the Commission to the district courts, which is the gist of what Appellant's Petition asked the trial court to do in this case. See Pet. at 1 ("In this Petition, [Appellant] seeks a declaration that it is the rightful successor operator of the subject wells [and] an order enjoining [Appellee] from conducting operations or interfering with [Appellant's] operations . . . .").

¶16 Because we agree that the trial court lacked subject matter jurisdiction to declare Appellant the operator of the wells subject to pooling orders, we hold that the trial court properly sustained Appellee's MTD as to Appellant's request for declaratory judgment and injunctive relief.

Whether the Trial Court Should Have Granted Appellee's MTD on Appellant's Breach of Contract Claims as to Force Pooled Wells

¶17 Appellant also contends that the trial court erred by dismissing without prejudice Appellant's breach of contract claims after determining those claims were not yet at issue:

This Court could potentially award damages for breach of [contract] for not complying with the JOA operator succession procedure, and the [Commission] then grant [Appellee's] request to be named successor operator, resulting in contradictory rulings. [Appellant's] breach of contract claims as to pooled properties are not yet at issue, and are dismissed without prejudice to refiling upon resolution of the [Commission] proceedings.

See July 6, 2021 Order at 5. We agree with the Appellant and hold that the trial court's grant of Appellee's MTD on Appellant's breach of contract claims was error. Despite the trial court's indication to the contrary, in reality there was--and is--no need to await the resolution of the Commission proceedings regarding the designation of a successor operator because whether the Commission designates as operator Appellant or Appellee may be separated from Appellant's cause of action for breach of contract. In other words, even if the Commission--which alone has the authority to designate an operator, see Crest Resources Co., 1980 OK 133, ¶ 5--ultimately designates Appellee, the Appellee may nevertheless be on the hook for damages on Appellant's alleged breach of contract claims pursuant to the applicable JOA provisions. Whether a breach of contract occurred is a question for the trier of fact that cannot be resolved on a MTD. Buck's Sporting Goods, Inc. of Tulsa v. First National Bank & Trust Co. of Tulsa, 1994 OK 14, ¶ 14, 868 P.2d 693, 699 (holding that controverted material facts concerning a possible breach of contract "must be determined by the trier of fact"). "The question, on a motion to dismiss, is whether, taking all of plaintiff's allegations as true, she is precluded from recovering as a matter of law." Estate of Hicks ex rel. Summers v. Urban East, Inc., 2004 OK 36, ¶ 5, 92 P.3d 88, 90.

¶18 Under Oklahoma statutory and case law, Appellant should have had the opportunity to amend its Petition and allege breach of contract for reasons other than Appellee's failure to turn over operatorship to the Appellant. 12 O.S. § 2012(G); Fanning v. Brown, 2004 OK 7, ¶ 23, 85 P.3d 841, 848 ("Even if the allegations in [the] petition were not sufficient to withstand a motion to dismiss, the trial court still erred in dismissing the case without providing [plaintiff] with an opportunity to amend . . . . Title 12, Section 2012(G) provides: '[o]n granting a motion to dismiss a claim for relief, the court shall grant leave to amend if the defect can be remedied and shall specify the time within which an amended pleading shall be filed.' This Court has interpreted the statute as a mandatory duty placed on trial courts, as long as the defect can be remedied. See Kelly v. Abbott, 1989 OK 124, ¶ 6, 781 P.2d 1188, 1190.") (cleaned up). Here, the trial court dismissed without prejudice Appellant's breach of contract claims but failed to provide Appellant with an opportunity to amend its Petition. The trial court's decision was based upon an error of law and must, therefore, be reversed.

CONCLUSION

¶19 The trial court properly sustained the Appellee's MTD as to Appellant's request for declaratory judgment and injunctive relief due to lack of subject matter jurisdiction. The trial court erred, however, in granting Appellee's MTD on Appellant's breach of contract claims. Appellant should have been given leave to amend its Petition and allege breach of contract for reasons other than Appellee's failure to turn over operatorship to Appellant. For these reasons, we AFFIRM IN PART, REVERSE IN PART, AND REMAND this action for further proceedings consistent with this Opinion.

GOREE, P.J., and MITCHELL, J., concur.

FOOTNOTES

[1] The same trial judge presided in all three cases, and the pleadings and briefs in each case were identical in substance with identical parties and counsel. From an early point in the litigation of the cases, the pleadings and briefs began to include the captions for all three cases. The trial court treated the three cases as companion cases, and the Oklahoma Supreme Court ordered the three cases be made companion cases on appeal. The appellate case numbers are: 119,772 (for the Beckham County proceeding); 119,773 (for the Roger Mills County proceeding); and 119,774 (for the Washita County proceeding). Consequently, this Court has filed an identical opinion in each of the three appellate cases.

[2] In March 2021, Appellee filed applications with the Commission to amend the pooling orders to be designated operator. These, along with other applications, remain pending before the Commission. E.g., Commission Case No. 202100247 and related documents, available at https://imaging.occ.ok.gov/imaging/OAP.aspx?casenum=202100247&casetype=CD. In accord with Oklahoma Supreme Court practice, this Court takes judicial notice of "public records and government documents available from reliable sources on the internet, such as websites run by governmental agencies." Independent School District #52 of Oklahoma County v. Hofmeister, 2020 OK 56, ¶ 22, 473 P.3d 475, 486.

[3] This binding precedent constrains us to conclude that, technically speaking, EnerVest, rather than Appellee, remains responsible qua operator of the pooled wells. See Crest Resources, 1980 OK 133, ¶¶ 6, 11 (explaining that a Commission-designated operator remains such until formally relieved by Commission Order). But this is of little consequence in this case because the core of Appellant's original lawsuit was a request that the district court provide declaratory and injunctive relief, and a monetary award, pursuant to private JOAs. But as we explain in the body of this Opinion, the trial court did not have subject matter jurisdiction to provide the relief Appellant requested.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 117, 747 P.2d 294, 58 OBJ 3309, Leede Oil & Gas, Inc. v. Corporation Com'n of State of Okl.
Discussed
 1989 OK 124, 781 P.2d 1188, 60 OBJ 2355, Kelly v. Abbott
Discussed
 1994 OK 14, 868 P.2d 693, 65 OBJ 449, Buck's Sporting Goods, Inc. of Tulsa v. First Nat. Bank & Trust Co. of Tulsa
Discussed
 2004 OK 7, 85 P.3d 841, FANNING v. BROWN
Discussed
 2004 OK 36, 92 P.3d 88, ESTATE OF HICKS v. URBAN EAST, INC.
Discussed
 2015 OK 53, 353 P.3d 529, LADRA v. NEW DOMINION, LLC
Discussed at Length
 2017 OK 71, 404 P.3d 856, CORBEIL v. EMRICKS VAN & STORAGE
Discussed
 1980 OK 133, 617 P.2d 215, Crest Resources and Exploration Corp. v. Corporation Commission
Discussed at Length
 2020 OK 56, 473 P.3d 475, INDEPENDENT SCHOOL DISTRICT # 52 v. HOFMEISTER
Discussed
 2021 OK 26, GUZMAN v. GUZMAN
Cited
 1998 OK 24, 956 P.2d 887, 69 OBJ 1172, MILLER v. MILLER
Discussed
 1984 OK 52, 687 P.2d 1049, Tenneco Oil Co. v. El Paso Natural Gas Co.
Discussed at Length
 1985 OK 31, 702 P.2d 19, Samson Resources Co. v. Corporation Com'n
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 994, Procedure When There is More Than One Claim or Party - Final Judgment
Cited
 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Discussed


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA