KINGWOOD OIL COMPANY, a Corporation, Plaintiff in Error,

v.

HALL–JONES OIL CORPORATION, a Corporation, Defendant in Error.

No. 40563.

Supreme Court of Oklahoma.

Oct. 27, 1964.

Robinson, Robertson & Barnes, by T. Murray Robinson and William N. Christian, Oklahoma City, for plaintiff in error.

Monnet, Hayes, Bullis, Grubb & Thompson, Oklahoma City, for defendant in error.

JACKSON, Justice.

In the trial court, plaintiff Kingwood Oil Company sued the defendant, Hall-Jones Oil Corporation, for damages resulting from the drilling of a well by Hall-Jones. Hall-Jones filed a Plea to the Jurisdiction which was sustained and the case was dismissed. Kingwood appeals.

From the allegations in the pleadings and undenied statements in the briefs of the parties, it appears that a certain Section 5 in Dewey County, Oklahoma, was included in an ordinary well drilling and spacing order of the Corporation Commission (No. 49779) calling for 640 acre drilling and spacing units for gas and gas condensate, and making each governmental section a separate drilling and spacing unit, with the "permitted well" to be located within 1250 feet of the center of the unit. Kingwood owned all the leasehold interest on the west half of said section, and Hall-Jones owned a lease or leases on "other parts" of the section. About 3 months after the spacing order was entered, Hall-Jones, without a voluntary pooling agreement with Kingwood and the other lessees, if any, and without a compulsory pooling order from the Corporation Commission, drilled a well on a "permitted location" on the *west* half of the section, which was completed as a dry hole.

After pleading the facts substantially as above, Kingwood alleged in its petition:

"That after drilling said oil or gas well as aforesaid, the said defendant, Hall-Jones Oil Corporation, did publish its report that said well was non-productive of oil or gas, and was dry and abandoned.

"That by reason of the actions of the defendant, Hall-Jones Oil Corporation, hereinabove set forth, the plaintiff, Kingwood Oil Company, has sustained actual damages in the sum of $31,960.-00, the same being the amount of the depreciation of the reasonable value of plaintiff's oil and gas leasehold estate in and to said W/2 of Section 5, Township 17 North, Range 17 West, in Dewey County, Oklahoma, resulting from said defendant's acts as aforesaid."

The petition concluded with a prayer for damages in the amount of $31,960.00, with interest.

The Plea to the Jurisdiction thereafter filed by Hall-Jones was in pertinent part as follows:

"Order No. 49779 of the Oklahoma Corporation Commission specifically provides in part as follows:

"'9. That in the event there are divided or undivided interests within any unit and the parties are unable to agree on a plan for the development of the unit, then their rights and equities shall be adjudicated by the Commission as provided for by subsection d, Section 87.1, Title 52, 1951 O.S.A.'

"Under the terms of said order and under the provisions of Title 52, Okla. Stat., 1961, Sec. 87.1, the exclusive jurisdiction to determine the rights and obligations of lessees within the drilling and spacing unit is vested in the Oklahoma Corporation Commission. This Court is without jurisdiction of the subject matter.

"The defendant, therefore, moves the Court to dismiss this action for lack of jurisdiction."

In his order sustaining this plea and dismissing the case, the trial judge made it

clear that he considered exclusive jurisdiction of this matter to lie with the Corporation Commission under 52 O.S.1961 § 87.1.

In the Hall-Jones brief on appeal, the following portion of 52 O.S.1961 § 87.1(d) is quoted in support of the proposition that the Corporation Commission has exclusive jurisdiction of this controversy:

"* * * Where, however, such owners have not agreed to pool their interests, and where one such separate owner has drilled or proposes to drill a well on said unit to the common source of supply, the Commission, to avoid the drilling of unnecessary wells, or to protect correlative rights, shall, upon a proper application therefor and a hearing thereon, require such owners to pool and develop their lands in the spacing unit as a unit. All orders requiring such pooling shall be made after notice and hearing, and shall be upon such terms and conditions as are just and reasonable and will afford to the owner of such tract in the unit opportunity to recover or receive without unnecessary expense his just and fair share of the oil and gas. The portion of the production allocated to the owner of each tract or interests included in a well spacing unit formed by a pooling order shall, when produced, be considered as if produced by such owner from the separately owned tract or interest by a well drilled thereon. Such pooling order of the Commission shall make definite provisions for the payment of cost of the development and operation, which shall be limited to the actual expenditures required for such purpose not in excess of what are reasonable, including a reasonable charge for supervision. In the event of any dispute relative to such costs, the Commission shall determine the proper costs after due notice to interested parties and a hearing thereon. * * *."

In the briefs on appeal, Kingwood asserts, and Hall-Jones does not deny, that Kingwood's action was an ordinary action for damages sounding in tort. The memorandum of the trial judge accompanying his judgment characterizes it as "an action for damages in the nature of trespass to realty".

■ We find nothing in the quoted language from 52 O.S.1961 § 87.1(d), or in any other portion of said section, granting to the Corporation Commission jurisdiction to hear and render judgment in an action for damages sounding in tort. While not denying that it is a tort action, Hall-Jones argues that such is immaterial, and that regardless of what *kind* of action it is, it is still merely a dispute between two lessees in a drilling and spacing unit growing out of their rights as such lessees, and that jurisdiction of such disputes is in the Commission.

■ In that connection, we note that the jurisdiction conferred on the Commission by the quoted portion of Sec. 87.1(d) is given to enable the Commission "* * * to avoid the drilling of unnecessary wells, or to protect correlative rights * * *". Obviously, the drilling of unnecessary wells is not involved in this action. The term "correlative rights" embraces the relative rights of owners in a common source of supply to take oil or gas by legal operations limited by duties to the other owners (1) not to injure the common source of supply and (2) not to take an undue proportion of the oil and gas. Summers, Oil and Gas, Vol. 1, Sec. 63. In the pleadings in the case now before us, we find no issue on either one of these questions.

Under Article 7, Section 10, Oklahoma Constitution, the district court has jurisdiction of all cases "* * * except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court * * *". It is the position of Hall-Jones that 52 O.S.1961 § 87.1, is a permissible statutory exception to the jurisdiction conferred on the district court by the constitution. Assuming this to be true, we hold that Sec. 87.1 does not confer jurisdiction upon the Corporation Commission to try damage suits.

■■ It is well settled that the Corporation Commission is a tribunal of limited jurisdiction, and that it has only such jurisdiction and authority as is expressly or by necessary implication conferred upon it by the constitution and statutes of this state. Southwestern Light and Power Co. v. Elk City, 188 Okl. 540, 111 P.2d 820; Application of Central Airlines, 199 Okl. 300, 185 P.2d 919. It is apparent that Sec. 87.1 does not expressly confer jurisdiction upon the Commission to try the instant action. Since neither the drilling of unnecessary wells, nor the protection of correlative rights, is involved in the instant action, no reason appears, and none is suggested in the briefs, why we should hold that the Commission has necessarily implied jurisdiction to try it.

It should be kept in mind that we are here concerned only with the trial court's jurisdiction, and not whether plaintiff has pled a cause of action. No demurrer or answer going to the merits has been filed in the district court. It is suggested in the briefs that Kingwood stood idly by and permitted the well to be drilled when it could have applied to the Corporation Commission for a compulsory pooling order which would have conclusively settled all questions pertaining to the drilling of the well. This is of course defensive matter which is not before us at this time, and upon which we express no opinion.

We have carefully examined Anderson v. Corporation Commission, Okl., 327 P.2d 699; Wakefield v. State, Okl., 306 P.2d 305; and all of the numerous other authorities cited in the Hall-Jones brief. In none of them do we find any support for the proposition that the Commission has jurisdiction of the instant action.

We have noted also the trial court's finding that Kingwood is not entitled to a jury trial. It is readily apparent that this finding was but a corollary to his conclusion that exclusive jurisdiction of this matter lies with the Commission, where the statutes make no provision for jury trials. No question is raised as to the right of a plaintiff in an action in the district court for damages, for the recovery of money only, to a jury trial.

At least by inference, Hall-Jones argues that the Commission's entry of the well spacing order alone gave it the legal right to drill the well. This argument goes to the merits of plaintiff's alleged cause of action which are not before us, and is of no assistance on the question of jurisdiction.

If the plaintiff is entitled to the relief sought in its petition (damages), it is clear that the Corporation Commission is unauthorized to grant such relief.

The judgment is reversed and the cause is remanded to the trial court with instructions to overrule the Plea to the Jurisdiction, and to conduct such further proceedings as may be proper.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.

HALLEY, V. C. J., dissents.