2001 OK CIV APP 142

Jerry O'FEERY and Lisa O'Feery, Plaintiffs/Appellants,

v.

Cornelius SMITH; Cynthia Borrell d/b/a Cyndy's Transports, Defendants,

and

Kay Smith; Tom Hawkins; and Wayne Ward, Defendants/Appellees.

No. 96,044.

Court of Civil Appeals of Oklahoma, Division No. 1.

Decided Aug. 24, 2001.

Mandate Issued Nov. 20, 2001.

Modified Dec. 18, 2001.

Certiorari Denied Oct. 30, 2001.

David W. Edmonds, Michael S. Ryan, Oklahoma City, OK, For Appellants.

Robert B. Mills, Margaret K. Myers, Oklahoma City, OK, For Appellee, Kay Smith.

Donald R. Wilson, Oklahoma City, OK, For Appellee, Tom Hawkins.

Sally Gilbert, Oklahoma City, OK, For Appellee, Wayne Ward.

## OPINION

CARL B. JONES, Judge:

¶1 Appellants, Jerry and Lisa O'Feery (O'Feerys), were injured in a motor vehicle accident in 1997. Defendant, Cornelius Smith, was operating a pickup truck and was hauling a 25–foot animal trailer loaded with greyhound dogs. Mr. Smith was operating the vehicle as an employee of Defendant, Cyndy's Transports, who owned the vehicle and trailer. The vehicle operated by Mr. Smith struck from behind the vehicle operated by the O'Feerys causing the O'Feerys' vehicle to cross a median and strike another vehicle head-on. Initially, the O'Feerys brought this lawsuit against these two parties. However, the lawsuit was dismissed.

¶2 Subsequently, the lawsuit was refiled adding Appellees, Kay Smith, Wayne Ward and Tom Hawkins. Kay Smith was a greyhound trainer. Wayne Ward was an owner of greyhounds and his dogs were being returned after their training was completed with Kay Smith. Tom Hawkins was a breeder and was to receive greyhounds being transported from Arizona. These greyhounds were being transported by Cyndy's Transports at the time of the accident. Kay Smith, Ward and Hawkins filed motions for

summary judgment asserting Cyndy's Transports and Cornelius Smith were independent contractors. The trial court granted their summary judgment motions. The O'Feerys dismissed with prejudice Cornelius Smith and Cyndy's Transports. The O'Feerys appeal the trial court's decision.

¶3 Before reaching the merits of this appeal, we must address the procedural issues raised by the O'Feerys. They request this Court to strike Hawkins' Petition in Error because it contains additional argument and legal authority other than was provided to the trial court. Pursuant to Rule 1.36, this Court will only consider the record which was considered by the trial court in its decisional process.

¶4 The issue before this Court is whether Cyndy's Transports was operating as an independent contractor. Summary judgment is proper only when the pleadings, affidavits, depositions, or other evidentiary materials establish that there is no genuine issue regarding any material fact, and that the moving party is entitled to judgment as a matter of law. In reviewing, a motion for summary judgment, all inferences and conclusions drawn from the evidence must be viewed in a light most favorable to the party opposing the motion for summary judgment. *Shelley v. Kiwash Electric Coop., Inc.*, 1996 OK 44, 914 P.2d 669, 674.

¶5 The O'Feerys argue Kay Smith, Hawkins and Wade regularly engage in commercial enterprises involving the selection of motor carriers as an integral part of their business and, as a result, these parties are required to exercise the appropriate care required of such enterprises in selecting transport services. Kay Smith, Hawkins and Wade argue Cyndy's Transports was an independent contractor. An independent contractor is one who assents to perform a certain service without the control, supervision, or direction of its employer in all affairs connected with the performance of the service except the result or product of the work. Generally, an employer is not answerable for the negligent acts or omissions of an independent contractor committed in the course of executing the contracted service. This non-liability rule is founded on the view the employer has no right of control over the manner and method in which the service is performed, therefore, the employer is not accountable for an injury resulting from the manner in which the independent contractor carries out the details of the work. *Bouziden v. Alfalfa Elec. Co-op., Inc.*, 2000 OK 50, 16 P.3d 450, 455.

¶6 The O'Feerys argue they are entitled to an exception to this general rule. The exceptions considered by the Oklahoma Supreme Court have been a non-delegable duty which is usually imposed by statute, ordinance or contract, or an inherently dangerous activity which cannot be delegated. *Bouziden v. Alfalfa Elec. Co-op., Inc., Id.* To create a non-delegable duty, the O'Feerys rely upon 47 O.S.1991 § 12–301(C) and 47 O.S. Supp.1995 § 169 arguing these provisions are applicable to these parties. These statutes require brakes on any trailer exceeding 3,000 pounds, § 12–301(C), and require a permit and sufficient liability insurance for a carrier, § 169. These statutory provisions do not require any other party but a carrier to comply with these provisions. Arguably, these provisions could be interpreted as creating a non-delegable duty upon the carrier. The O'Feerys do not assert the activity was inherently dangerous. None of the exceptions to the general principle regarding liability of independent contractors is applicable to these facts.

¶7 Here, the evidence was simply that one of these parties contacted Cyndy's Transports to deliver a greyhound to an owner, a trainer or a breeder. The record is devoid of any evidence of any type of control over the manner in which Cyndy's Transports carried out the details of the contracted work. We find Cyndy's Transports was an independent contractor. The trial court's decision is affirmed.

¶8 AFFIRMED.

ADAMS, P.J., and JOPLIN, J., concur.