2013 OK 25

**James R. SIMONSON, Plaintiff/Appellant,**

v.

**Arlene B. SCHAEFER, Defendant/Appellee.**

No. 110,997.

Supreme Court of Oklahoma.

April 9, 2013.

---

J. David Terrell, and David L. Thomas, Oklahoma City, Oklahoma, for the plaintiff/appellant.

Michael L. Carr, Tulsa, Oklahoma, and Jon L. Hester, Edmond, Oklahoma, for the defendant/appellee.

WINCHESTER, J.

¶ 1 The issue is whether an expert appointed by a court to testify in a divorce and child custody litigation, and who is paid by a party to the divorce, is entitled to judicial immunity even when the expert presents no testimony and no report. This Court retained the case.

¶ 2 The plaintiff/appellant, James R. Simonson, alleged professional negligence, breach of contract and unjust enrichment in his suit against the defendant/appellee, Arlene B. Schaefer. She filed a motion to dismiss pursuant to 12 O.S.2011, § 2012(B)(6), for failure to state a claim upon which relief can be granted. The appellee asserted that she was entitled to dismissal because all the claims in the petition involved her role as a court appointed evaluator, and because she was performing an adjudicative act in advising the trial court, she was cloaked with judicial immunity.

## I. STANDARD OF REVIEW

¶ 3 A motion to dismiss is generally viewed with disfavor, and the standard of review before the court is *de novo*. *Hayes v. Eateries, Inc.,* 1995 OK 108, ¶ 2, 905 P.2d 778, 780. When considering the legal sufficiency of the petition the court takes all allegations in that pleading as true together with all reasonable inferences that may be drawn from them; it must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts that would entitle relief. *Fanning v. Brown,* 2004 OK 7, ¶ 4, 85 P.3d 841, 844. The party moving for dismissal bears the burden of proof. *Tuffy's, Inc. v. City of Oklahoma City,* 2009 OK 4, ¶ 6, 212 P.3d 1158, 1163.

## II. FACTS

¶ 4 The appellant alleges that the trial judge appointed the appellee as an expert "to conduct an evaluation of the parties and of their minor children." The judge ordered that a copy of the appellee's written report be provided to the attorneys for each party and the Guardian Ad Litem. The appellant and the appellee agree that they entered into a contract on September 25, 2011, with regard to the court-ordered evaluation. The appellant claims he paid the appellee $16,000.00 over the course of several months in consideration for her professional services, that is, the report to the court. The appellee, in her amended answer denies entering into a contract with the appellant. But on a motion to dismiss, the appellant's allegations are taken as true. The appellant alleges that the appellee never provided her report, and that to bring an end to the divorce proceedings, the appellant settled the matter in a manner injurious to himself and his son, and suffered great emotional distress. He alleges that he requested a copy of his own records, which the appellee refused to provide.

## III. PROFESSIONAL NEGLIGENCE

¶ 5 In his petition, Count I, the appellant alleged that the appellee owed him a duty to handle her evaluations with the degree of skill, care, learning, and diligence ordinarily used by members of her profession acting under the same or similar circumstances, and asserted that she wholly failed and/or refused to discharge her obligation to produce this report causing him undue delay, emotional distress and harm in his divorce proceedings. He claims that this failure fell below the standard of care ordinarily used by members of the appellee's profession acting under the same or similar circumstances.

¶ 6 The immunity of parties and witnesses from subsequent liability in damages for their testimony in judicial proceedings is well established in English common law. *Hartley v. Williamson,* 2001 OK CIV APP 6, ¶ 15, 18 P.3d 355, 358.[1] The primary duty of the appellee was to supply the court with her

expertise in this judicial proceeding. Accordingly, her duty was to the court. A failure to testify after agreeing to may cause her to be answerable to the court, but we conclude that she is not answerable in tort to the appellant. She is entitled to immunity. *See Kirschstein v. Haynes,* 1990 OK 8, ¶ 8, 788 P.2d 941, 952, where the Court discussed absolute privilege for communications preliminary to a judicial or quasi-judicial proceeding.

## IV. BREACH OF CONTRACT, UNJUST ENRICHMENT

¶ 7 The appellant alleges that he entered into an agreement "wherein it was represented" that the appellee would provide a written evaluation of her findings to the attorneys and the court. He continues and repeats his allegation that he paid $16,000.00 for this service and that the appellee did not provide a written evaluation and/or refused to provide such a report. He claims both a breach of contract and that the appellee was unjustly enriched by failing to provide any report. The appellee cites *Hathcock v. Barnes,* 2001 OK CIV APP 69, 25 P.3d 295, to support her position that a court-appointed psychologist who serves as an expert in making recommendations to the trial court concerning child custody, is immune from liability. *Hathcock,* 2001 OK CIV APP 69, ¶ 9, 25 P.3d at 297. The appellee may very well have valid defenses to the allegations of the appellant, and a right to claim immunity under evidence properly presented, but on an appeal of a dismissal for failure to state a legally cognizable claim, as we stated above, all allegations of the appellant are taken as true as well as all of the reasonable inferences that may be drawn from the allegations.

¶ 8 A party to a divorce may be made financially responsible to compensate an expert appointed by the court, which expert is entitled to immunity from tort claims. *Hathcock* properly supports the immunity of an expert where the trial court expressly ap-

---

1. The *Hartley* opinion was released for publication by order of the Supreme Court and therefore accorded precedential value.

points the expert for the purpose of acting as an unbiased, impartial investigator of the family situation, and the parties contract with the expert to pay the expert's fees. *Hathcock*, 2001 OK CIV APP 69, ¶ 7, 25 P.3d at 297. *Hathcock* can be distinguished on the grounds that the expert actually testified and the expert's successful defense to the allegations of the plaintiffs/appellants was based on summary judgment, not a motion to dismiss.

¶ 9 However, the appellant has claimed that the appellee failed to provide any services whatsoever for the amount paid. We must treat these allegations as true. An expert would not be entitled to claim a fee for a court-ordered service that was not provided. This does not mean the appellant must be satisfied with the fees, but the appellant has a right to have the court decide if the fees were earned, and whether there was a valid legal defense to the assertions of the appellant that the appellee neither completed the required report, nor testified. The appellant admits that the underlying child custody was settled, so the trial court must also consider the impact the settlement had on the appellee's opportunity to complete the report or to testify.

¶ 10 Accordingly, the order of the trial court granting the appellee's motion to dismiss is reversed and remanded for further consideration consistent with the reasoning expressed herein.

REVERSED AND REMANDED.

CONCUR: COLBERT, C.J., REIF, V.C.J., WATT, WINCHESTER, TAYLOR, COMBS, GURICH, JJ.

CONCUR IN RESULT: KAUGER, EDMONDSON, JJ.