OSCN Found Document:LARGEN v. WENCO ENERGY CORP.

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 LARGEN v. WENCO ENERGY CORP.
2014 OK CIV APP 47
Case Number: 112061
Decided: 03/21/2014
Mandate Issued: 04/29/2014
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2014 OK CIV APP 47, __ P.3d __

JEAN LARGEN, Individually and as Personal Representative of the Estate of PAUL KANADY, Deceased, Plaintiff/Appellant,
v.
WENCO ENERGY CORPORATION, an Oklahoma corporation, Defendant/Appellee,

Henry Harvey, d/b/a Harvey Machine Tool Co., Defendant/Third-Party Plaintiff,
v.
The Eron Corp., d/b/a H & H Resistance Welders, a/k/a H & H Resistance Welders of OK, Third-Party Defendant.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY, OKLAHOMA

HONORABLE REBECCA NIGHTINGALE, JUDGE

AFFIRMED

Richard A. Shallcross, Shallcross Law Firm, Tulsa, Oklahoma, for Appellant,
Randall G. Vaughn, Pray Walker, P.C., Tulsa, Oklahoma, for Appellee.

Larry Joplin, Presiding Judge:

¶1 Plaintiff/Appellant Jean Largen, Individually and as Personal Representative of the Estate of Paul Kanady, Deceased, seeks review of the trial court's order granting the motion to dismiss of Defendant/Appellee Wenco Energy Corporation, an Oklahoma corporation in Plaintiff's action to recover for the wrongful death of Decedent. In this appeal, Plaintiff asserts the trial court erred in dismissing the claim before affording her an opportunity to conduct discovery and establish a factual basis for the necessary allegation of Defendant's intentional misconduct which caused Decedent's workplace death.

¶2 Decedent worked for Defendant. On September 27, 2010, Decedent died in a workplace accident when crushed by heavy machinery being moved from Defendant's shop for loading on a truck in Defendant's yard. On or about October 7, 2011, Plaintiff filed a death claim in the Workers' Compensation Court.

¶3 On October 28, 2011, Plaintiff filed her original petition in the trial court. Plaintiff alleged only that Decedent "was killed . . . as a result of the defendants' negligence or willful misconduct."

¶4 Defendant filed a motion to dismiss. Defendant asserted that Plaintiff had invoked her exclusive remedy in the Workers' Compensation Court, that Plaintiff could recover in the trial court only on specific factual allegations of Decedent's death "as a result of willful, deliberate, specific intent of the employer to cause such injury," and that Plaintiff's bare allegation of "willful misconduct" was wholly insufficient to establish Defendant's intentional tort under 85 O.S. Supp. 2010 §12, now 85 O.S. 2011 §302.

¶5 Plaintiff responded. Plaintiff first asserted that, without formal discovery, she could not ascertain the precise facts and circumstances surrounding the death of Decedent. Plaintiff further asserted, in essence that, on her information from eye witnesses, Defendant attempted to move the heavy machinery using inadequate "skates," that one or more of the "skates" rolled out from beneath the heavy equipment, and the heavy equipment toppled upon Decedent, killing him. Plaintiff asserted that neither the Workers' Compensation Court nor Defendant had allowed her any formal discovery concerning the precise facts and circumstances surrounding the death of Decedent, and for that reason, she could not plead more specifically.

¶6 Defendant filed a reply. Defendant asserted the additional facts set forth in Plaintiff's response did not establish its intent to cause the injury to Decedent, and that §12(v), now §302(I), expressly proscribed pursuit of actions in both the Workers' Compensation Court and the trial court. The trial court granted Defendant's motion to dismiss, but allowed Plaintiff twenty days to amend her petition.

¶7 Plaintiff filed her amended petition. Plaintiff alleged that Defendant knew the "skates" employed in the attempt to move the heavy machinery were inadequate, that Defendant chose the method only to save money, that Defendant knew the concrete floor across which Defendant sought to move the heavy machinery was broken and unsafe, and Defendant acted recklessly or intentionally in attempting to move the heavy machinery under those circumstances.

¶8 Defendant again responded that Plaintiff's allegations fell well short of establishing the "willful, deliberate, specific intent of the employer to cause such injury" required by §12, now §302(B). Defendant further alleged Plaintiff had pursued some discovery, with which Defendant had cooperated. Defendant also again pointed out that Plaintiff had pursued and received payment of death benefits in the Workers' Compensation Court, that, notwithstanding Plaintiff's dismissal of its Workers' Compensation Court action, Plaintiff had accepted the payment of Workers' Compensation death benefits, and §12(v), now §302(I), proscribed pursuit of recovery in both the trial court and the Workers' Compensation Court.

¶9 On consideration of the parties' submissions and arguments, the trial court granted Defendant's motion to dismiss, dismissed the Plaintiff's claim against Defendant with prejudice, and entered judgment in Defendant's favor, completely disposing of all claims between Plaintiff and Defendant. 12 O.S. §994(A). Plaintiff appeals, and the matter stands submitted on the trial court record.

¶10 We review an order granting a motion to dismiss de novo. Wilson v. State ex rel. State Election Bd., 2012 OK 2, ¶4, 270 P.3d 155, 157. A motion to dismiss for failure to state a claim should not be granted unless the plaintiff can prove no facts demonstrating a right of recovery. See, e.g., Simonson v. Schaefer, 2013 OK 25, ¶3, 301 P.3d 413, 414.

¶11 Under prior law, §12 of title 85, O.S. Supp. 2005, liability under the Workers' Compensation Act was "exclusive and in place of all other liability of the employer," unless the "employer's conduct . . . amount[ed] to an intentional tort, [i.e.,] the employer . . . (1) desired to bring about the worker's injury or (2) acted with the knowledge that such injury was substantially certain to result from the employer's conduct." Parret v. UNICCO Service Co., 2005 OK 54 ¶24, 127 P.3d 572, 579. However, effective August 26, 2010, §12 was amended to provide in relevant part:

The liability prescribed in Section 11 of this title shall be exclusive and in place of all other liability of the employer and of his employees, . . . , at common law or otherwise, for such injury, loss of services, or death, to the employee, . . . , except in the case of an intentional tort, . . . . An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury. Allegations or proof that the employer had knowledge that such injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort. The issue of whether an act is an intentional tort shall be a question of law for the Court. . . .

. . .

(v) . . . [I]n the case of an intentional tort, the injured employee or his or her legal representative may maintain an action either in the Workers' Compensation Court or in the district court, but not both.

85 O.S. Supp. 2010 §12 (eff. August 27, 2010). Effective August 26, 2011, §12 was repealed, and §302 enacted to provide in pertinent part:

A. The liability prescribed in this act shall be exclusive and in place of all other liability of the employer and any of his or her employees, at common law or otherwise, for such injury, loss of services, or death, to the employee, . . . , except in the case of an intentional tort, or where the employer has failed to secure the payment of compensation for the injured employee.

B. An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury. Allegations or proof that the employer had knowledge that such injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort. The issue of whether an act is an intentional tort shall be a question of law for the Court. . . .

. . .

I. . . . [I]n the case of an intentional tort, the injured employee or his or her legal representative may maintain an action either in the Workers' Compensation Court or in the district court, but not both.

85 O.S. 2011 §302 (Eff. August 26, 2011).

¶12 So, from and after the effective date of amended §12 in August 2010, "[a]llegations or proof that the employer had knowledge that such injury was substantially certain to result from the employer's conduct [do] not constitute an intentional tort," and only if "the employee [wa]s injured as a result of willful, deliberate, specific intent of the employer to cause such injury" is the immunity of amended §12, now §302(A), lost. Under both amended §12 and §302(B), the question of whether an employer acted with such deliberate, specific intent to cause injury presents a pure question of law.

¶13 Undoubtedly, the law in effect at the time of Decedent's death controls. Williams Companies, Inc., v. Dunkelgod, 2012 OK 96, 295 P.3d 1107. Decedent died September 27, 2010. The provisions of §12, as amended effective August 27, 2010, control in the present case.

¶14 Viewing the allegations of Plaintiff's petition in the light most favorable to her, we cannot say the allegations of Plaintiff's petition establish Defendant's "willful, deliberate, [and/or] specific intent" to cause Decedent's injury or death. That the means chosen by Defendant may not have been the safest, or that the Defendant would have been better advised to hire a professional mover is clearly open to debate. It might even be said that Defendant acted negligently or should have foreseen the possibility of injury in pursuing the chosen method to move the heavy machinery. But, even under the abandoned "substantial certainty" test, "[t]he employer's cognizance of a foreseeable risk, high probability, or substantial likelihood of injury [was] insufficient to impose tort liability." Price v. Howard, 2010 OK 26, ¶10, 236 P.3d 82, 88.

¶15 That said, there is absolutely no proof or even inference that Defendant acted with a specific and deliberate intent to cause Decedent's death as to divest Defendant of the immunity afforded by amended §12. No doubt, this was a horrible accident, but an accident it was.

¶16 Furthermore, Plaintiff pursued and recovered death benefits in the Workers' Compensation Court. Having so recovered in the Workers' Compensation Court, Plaintiff may not pursue a claim of Defendant's intentional tort in the trial court. 85 O.S. Supp. 2010 §12(v); Dyke v. Saint Francis Hosp., Inc., 1993 OK 114, ¶20, 861 P.2d 295, 302.[1]

¶17 The order of the trial court is AFFIRMED.

HETHERINGTON, V.C.J., and BUETTNER, J., concur.

FOOTNOTES

[1] "[A]n employee who has two remedies for the same injury and has prosecuted one of them to conclusion (securing an award or judgment), is barred from resort to the other remedy."






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Supreme Court Cases Cite
Name
Level 1993 OK 114, 861 P.2d 295, 64 OBJ 2864, Dyke v. Saint Francis Hosp., Inc.
Discussed 2005 OK 54, 127 P.3d 572, PARRET v. UNICCO SERVICE COMPANY
Discussed 2010 OK 26, 236 P.3d 82, PRICE v. HOWARD
Discussed 2012 OK 2, 270 P.3d 155, WILSON v. STATE ex rel. STATE ELECTION BOARD
Discussed 2012 OK 96, 295 P.3d 1107, WILLIAMS COMPANIES, INC. v. DUNKELGOD
Discussed 2013 OK 25, 301 P.3d 413, SIMONSON v. SCHAEFER
Discussed
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 994, Procedure When There is More Than One Claim or Party - Final Judgment
Cited
Title 85. Workers' Compensation Cite
Name
Level 85 O.S. 302, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Discussed 85 O.S. 12, Repealed by Laws 2011, SB 878, c. 318, § 87
Discussed at Length