2014 OK CIV APP 83

**VICTORY ENERGY OPERATIONS, L.L.C., a Delaware Limited Liability Company, Plaintiff/Appellant,**

v.

**RAIN CII CARBON, L.L.C., a Louisiana Limited Liability Company, Defendant/Appellee.**

No. 112,407.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 14, 2014.

Certiorari Denied Sept. 22, 2014.

Gerald L. Jackson, Susan E. Huntsman, Crowe & Dunlevy, A Professional Corporation, Tulsa, Oklahoma, for Appellant,

Gerald Hilsher, McAfee & Taft, Tulsa, Oklahoma, and Peter L. Hilbert, Jr., James M. Garner, Sher Garner Cahill Richter Klein & Hilbert, L.L.C., New Orleans, Lousiana, for Appellee.

LARRY JOPLIN, Presiding Judge.

¶ 1 Plaintiff/Appellant Victory Energy Operations, L.L.C., a Delaware Limited Liability Company (Plaintiff or Victory), seeks re-view of the trial court's order granting the Motion to Dismiss or Stay for Lack of Personal Jurisdiction, Improper Venue, Pendency of Another Action or Forum Non Conveniens of Defendant/Appellee Rain CII Carbon, L.L.C., a Louisiana Limited Liability Company (Defendant or Rain), in Plaintiff's action to recover damages for breach of contract.

¶ 2 Victory is a Delaware limited liability company with its principal place of business in Oklahoma. Rain is a Louisiana limited liability company with offices in Texas and Louisiana, among others. Rain, by and through its engineering firm, ReCon Engineering, Inc., solicited a proposal from Victory for the construction of a boiler to be built by Victory in Oklahoma, and delivered to the project being constructed by Rain in Louisiana. During the negotiation process, Rain visited Victory's facility in Oklahoma.

¶ 3 Victory submitted a proposal, No. VE–3948R5, dated March 2, 2011, setting forth the specifications of the boiler to be built. In addition to the description of the boiler, the proposal contained terms and conditions, including a choice of law and forum selection clause, which provided:

> This Order is to be interpreted in accordance with, and its administration of performance governed by, the laws of the State of Oklahoma. The parties hereto agree that Tulsa County, Oklahoma, shall be the exclusive forum for any cause of action filed in any court of law or equity arising out of the execution of performance under this Order. . . .

However, the proposal also provided:

> [Victory] Terms and Conditions of Sale are attached. [Victory] is willing to review and work with the terms and conditions that originate with [Rain] in an effort to develop mutually acceptable terms to both [Victory] and [Rain].

¶ 4 Victory and Rain subsequently entered into an Agreement for Victory's construction and Rain's purchase of the boiler. Paragraph 17(I) of the Agreement, entitled Construction and Jurisdiction, provided:

> This Agreement shall be governed by the laws of the State of Louisiana (except-

ing any conflict of laws or provisions which would serve to defeat application of Louisian substantive law.)

Exhibit A to the purchase agreement, entitled Description of Equipment, specifically listed Victory's "Attached Proposal, No. VE–3948R5, dated March 2, 2011," and further provided:

In the event of any inconsistency between the terms in main body of the Agreement and the terms in Exhibit A attached hereto, the terms in main body of the Agreement will control.

¶ 5 According to Rain, Victory did not timely build and ship the specified boiler, and the boiler provided was defective, causing numerous delays and cost overruns. On or about March 15, 2013, Rain commenced an action against Victory, its own engineering firm, ReCon, and a third entity in Louisiana. On June 5, 2013, Victory filed a motion to dismiss for lack of jurisdiction and improper venue in the Louisiana action. At a hearing September 16, 2013, the Louisiana court denied Victory's motion to dismiss, holding "the law and the contract provide that this is going to be resolved in the State of Louisiana," and, according to the pleadings before us, Victory appealed.

¶ 6 On June 3, 2013, Victory commenced the instant action against Rain in the Oklahoma trial court seeking damages for breach of contract. On July 16, 2013, Rain filed its Motion to Dismiss or Stay for Lack of Personal Jurisdiction, Improper Venue, Pendency of Another Action or Forum Non Conveniens in this action.

¶ 7 In support of its Motion to Dismiss, Rain first argued the mere negotiation of the contract with Victory for construction of the boiler to be installed in Louisiana did not establish sufficient minimum contacts with the State of Oklahoma to justify the trial court's exercise of personal jurisdiction over it, a foreign company. Rain secondly argued the terms and conditions of Victory's proposal, and particularly the forum selection clause, did not apply because the Agreement specifically designated the law of Louisiana as controlling, and that, in construction contracts to be performed in Louisiana, Louisiana law specifically proscribed enforcement of forum selection clauses designating a forum other than Louisiana as contrary to public policy. Third, Rain asserted the present controversy was the subject of the other action pending in Louisiana, commenced some three months prior to the instant action in Oklahoma. Rain lastly asserted that, inasmuch as all the witnesses concerning the defects of which it complained were located in Louisiana, the boiler was installed in Louisiana, the earlier commenced action was pending in Louisiana, and the law of Louisiana governed resolution of the dispute, the Oklahoma forum was inconvenient.

¶ 8 Victory responded. Victory first asserted that Oklahoma law controlled the determination of personal jurisdiction, and that Rain's solicitation of Victory in Oklahoma, coupled with Rain's site inspections in Oklahoma and Victory's performance pursuant to the contract in Oklahoma, established Rain's minimum contacts with Oklahoma sufficient to warrant the exercise of personal jurisdiction. Victory secondly asserted the forum selection clause contained in its proposal established Oklahoma as the proper forum. Third, Victory argued the issues in the Louisiana litigation were not the same as in the instant action. Last, Victory argued that, even though Rain was organized under Louisiana law, Rain had its principal place of business in Texas, and Rain would be required to travel and produce witnesses in another jurisdiction, whether Oklahoma or Louisiana, in any event, such that Rain had not sustained its burden of establishing a compelling reason for application of forum non conveniens.

¶ 9 On consideration of the parties' briefs and arguments after a hearing November 12, 2013, the trial court ruled Victory's proposal constituted merely a description of the boiler to be provided, that the provision of the contract calling for application of Louisiana law controlled, and that Louisiana law which proscribed enforcement of forum selection clauses in construction contracts calling for resolution of disputes in any forum other than Louisiana dictated dismissal of the present case. The trial court accordingly granted Rain's motion to dismiss. Plaintiff ap-

peals, and the matter stands submitted on the trial court record.[1]

Our standard of review is well established:

A motion to dismiss is generally viewed with disfavor, and the standard of review before the court is *de novo.* When considering the legal sufficiency of the petition the court takes all allegations in that pleading as true together with all reasonable inferences that may be drawn from them; it must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts that would entitle relief. The party moving for dismissal bears the burden of proof.

*Simonson v. Schaefer,* 2013 OK 25, ¶ 3, 301 P.3d 413, 414. (Citations omitted.) (Emphasis original.) To decide whether the trial court properly dismissed Victory's case, we must determine whether the terms of the parties' agreement, calling for application of Louisiana law, required dismissal.

 ¶ 10 "Generally, '[t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . .' Restatement (Second) of Conflict of Laws, § 187 (1971)." *Fossil Creek Energy Corp. v. Cook's Oilfield Services,* 2010 OK CIV APP 123, ¶ 11, 242 P.3d 537, 541, fn. 5. By their agreement for the purchase of the boiler, Victory and Rain specifically agreed "[t]his Agreement shall be governed by the laws of the State of Louisiana."

¶ 11 Further, Exhibit A to the Agreement, entitled "Description of Equipment," specifically referred to Victory's "Attached Proposal, No. VE–3948R5, dated March 2, 2011," and by such reference, described the boiler to be built by Victory and delivered to Rain in Louisiana pursuant to the Agreement. Exhibit A further provided that, "[i]n the event of any inconsistency between the terms in main body of the Agreement and the terms in Exhibit A attached hereto, the terms in main body of the Agreement will control."

¶ 12 By their execution of the main Agreement, Victory and Rain thus agreed that, notwithstanding the forum selection clause contained in the proposal, the choice of law provision of the main agreement controlled. As we have noted, the parties in the main Agreement specifically agreed "[t]his Agreement shall be governed by the laws of the State of Louisiana."

¶ 13 In this respect, Louisiana law specifically addresses the enforceability of choice-of-law and forum selection clauses. It provides:

A. The legislature finds that, with respect to construction contracts, subcontracts, and purchase orders for public and private works projects, when one of the parties is domiciled in Louisiana, and the work to be done and the equipment and materials to be supplied involve construction projects in this state, provisions in such agreements requiring disputes arising thereunder to be resolved in a forum outside of this state or requiring their interpretation to be governed by the laws of another jurisdiction are inequitable and against the public policy of this state.

B. The legislature hereby declares null and void and unenforceable as against public policy any provision in a contract, subcontract, or purchase order, as described in Subsection A, which either:

(1) Requires a suit or arbitration proceeding to be brought in a forum or jurisdiction outside of this state; rather, such actions or proceedings may be pursued in accordance with the Louisiana Code of Civil Procedure or other laws of this state governing similar actions.

(2) Requires interpretation of the agreement according to the laws of another jurisdiction.

La.Rev.Stat. 9:2779 (L.S.A.-R.S.9:2779). Under the Louisiana Code of Civil Procedure, "[a]n action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the

---

1. See, Rule 4(m), Rules for District Courts, 12 O.S.2011, Ch. 2, App.; Ok.S.Ct.R. 1.36, 12 O.S.

12 O.S.2011, Ch. 15, App.

terms of the contract." La.Code Civ. Proc. Art. 76.1. (L.S.A.-C.C.P. Art. 76.1).

¶ 14 Rain is a limited liability company organized under the laws of Louisiana. The contract required Victory to deliver the boiler in Louisiana, and the boiler was installed on Rain's project in Louisiana. Louisiana law, § 9:2779, proscribed both the interpretation of the contract between Victory and Rain under any law other than that of Louisiana, and the selection of any forum other than Louisiana for resolution of disputes. Louisiana law, Art. 76.1, required any action on the contract to be brought in the parish where the boiler was delivered and installed. So, unless permitted by some other provision of law or the contract, the parties' agreement for application of Louisiana law required that any dispute under the contract between Victory and Rain be resolved pursuant to Louisiana law in a Louisiana court.

¶ 15 On this issue, Victory argued that the question of jurisdiction over the person of Rain in Oklahoma was controlled by Oklahoma law, and that Rain had established sufficient minimum contacts with Oklahoma to justify exercise of personal jurisdiction over Rain in an Oklahoma court. Indeed, said Victory, even a single contact by a non-resident may establish sufficient minimum contact with this state to justify the exercise of personal jurisdiction over the non-resident. *Gilbert v. Security Fin. Corp. of Okla., Inc.,* 2006 OK 58, ¶ 17, 152 P.3d 165, 173; *Conoco, Inc. v. Agrico Chem. Co.,* 2004 OK 83, ¶ 19, 115 P.3d 829, 835. Victory argued that Rain's "election to do business with an Oklahoma entity and its personal, electronic and postal communications within Oklahoma, constitute minimum contacts with this state, and ... the controversy arose out of, or was related to, these contacts." *Willbros USA, Inc. v. Certain Underwriters at Lloyds of London,* 2009 OK CIV APP 90, ¶ 25, 220 P.3d 1166, 1174.

¶ 16 But for the specific provision of the Agreement calling for the application of Lou-

isiana law, we might agree. However, to hold that Rain purposefully availed itself of the right to do business in Oklahoma, and hence, subjected itself to the jurisdiction of the Oklahoma courts, renders the Agreement's choice of law provision meaningless. That is to say, to hold Rain subject to the jurisdiction of the Oklahoma courts runs directly afoul of the specific provisions of L.R.S. 9:2779 and L.R.S.—C.C.P. Art. 76–1, calling for the resolution of any disputes arising under construction contracts performed in Louisiana in a Louisiana forum applying Louisiana law.

¶ 17 The provision calling for application of Louisiana law either applies to every part of the contract, or it does not. To hold the provision calling for application of Louisiana law applies only to substantive contractual matters, and not to questions of jurisdiction and the proper forum for resolution of disputes, reads exceptions into the choice-of-law provision of the parties' agreement that the parties did not expressly, or even by implication, anticipate, and, as we have noted, runs directly afoul to the cited Louisiana law.

¶ 18 Further, and given the other action pending in Louisiana, Victory will be not deprived of a forum for vindication of its rights. But Victory agreed to resolution of disputes pursuant to Louisiana law, and Louisiana law dictates that any disputes under its contract with Rain be resolved under Louisiana law in a Louisiana court.

¶ 19 The order of the trial court granting Rain's motion to dismiss is AFFIRMED.

HETHERINGTON, V.C.J., and BELL, J. (sitting by designation), concur.