2015 OK 53

**Sandra LADRA, Plaintiff/Appellant,**

v.

**NEW DOMINION, LLC, and Spess Oil Company, John Does 1–25, Defendants/Appellees.**

**No. 113,396.**

Supreme Court of Oklahoma.

June 30, 2015.

Larry K. Lenora, Gregory A. Upton, Lenora & Upton, Chandler, Oklahoma; Scott E. Poynter, Emerson Poynter LLP, Little Rock, Arkansas, for the Plaintiff/Appellant.

Michael L. Darrah, E. Edd Pritchett, Jr., Katherine T. Loy, Timothy L. Martin, Durbin, Larimore & Bialick, Oklahoma City, Oklahoma, for the Defendant/Appellee Spess Oil Company.

Robert G. Gum, Bret A. Glenn, Gum, Puckett & Mackenchnie, L.L.P., Oklahoma City, Oklahoma, for the Defendant/Appellee New Dominion, LLC.

WINCHESTER, J.

¶ 1 This is a private tort action wherein Plaintiff/Appellant Sandra Ladra ("Appellant") seeks to recover from Defendants/Appellees New Dominion LLC, Spess Oil Company, and John Does 1–25 (collectively, "Appellees") compensatory and punitive damages for injuries proximately caused by Appellees' wastewater disposal practices.

The Appellees moved to dismiss, arguing that the Oklahoma Corporation Commission had exclusive jurisdiction over the claims. The District Court of Lincoln County granted the motions and dismissed the action. This Court retained the matter. We hold that jurisdiction lies with the district court.

### I. Facts

¶ 2 Appellees operate wastewater injection wells in and around Lincoln County, Oklahoma, as well as other wells in central Oklahoma. Since approximately 2009, Oklahoma has experienced a dramatic increase in the frequency and severity of earthquakes.

¶ 3 On November 5, 2011, Appellant was at home in Prague, Oklahoma [1] watching television in her living room with her family when a 5.0 magnitude earthquake struck nearby. Suddenly, Appellant's home began to shake, causing rock facing on the two-story fireplace and chimney to fall into the living room area. Some of the falling rocks struck Appellant and caused significant injury to her knees and legs, and she was rushed immediately to an emergency room for treatment. She claims personal injury damages in excess of $75,000.

¶ 4 Appellant filed this action in the District Court of Lincoln County to recover damages from Appellees, alleging that their injection wells—by causing, *inter alia*, the Prague earthquake—were the proximate cause of Appellant's injuries. Appellees objected to the court's jurisdiction and moved to dismiss. The district court dismissed the case on October 16, 2014, explaining that the Oklahoma Corporation Commission ("OCC") has exclusive jurisdiction over cases concerning oil and gas operations. Appellant filed with this Court a Petition in Error seeking review of the district court's order.

### II. Post–Appeal Issues

¶ 5 In her Petition in Error, Appellant attached a five-page explanation of the issues raised on appeal as Exhibit C. She included in that exhibit several arguments and authorities that she had not previously presented to

1. Prague, Oklahoma is located in Lincoln County.

the district court. As a result, Appellees have moved to strike most of the exhibit, arguing that it violates the rules for accelerated appeal.

¶ 6 Under the rules for accelerated appeal, no briefing shall be allowed unless ordered by the appellate court. Okla. Sup. Ct. R. 1.36(g). Instead, "[a]n appellate court shall confine its review to the record actually presented to the trial court." *Id.* It is evident, therefore, that a party shall not include new arguments or authorities—which would have the effect of briefing the issues—in her Petition in Error. When a party attempts to circumvent this rule, appellate courts should strike those parts of the petition that exceed the scope allowed by Rule 1.36(g). *See, e.g., Simington v. Parker,* 2011 OK CIV APP 28, ¶ 6, 250 P.3d 351, 353–54; *O'Feery v. Smith,* 2001 OK CIV APP 142, ¶ 3, 38 P.3d 242, 244.

¶ 7 This Court has not ordered the parties to brief the issues. Because that exhibit contains arguments extrinsic to "the record actually presented to the trial court," we grant Appellees' motions to strike everything below the one-sentence heading at the top of Appellant's Exhibit C.

### III. Standard of Review

¶ 8 A motion to dismiss is generally viewed with disfavor, and the standard of review before this Court is *de novo. Simonson v. Schaefer,* 2013 OK 25, ¶ 3, 301 P.3d 413, 414. When evaluating a motion to dismiss, this Court examines only the controlling law, taking as true all of the factual allegations together with all reasonable inferences that can be drawn from them. *Wilson v. State ex rel. State Election Bd.,* 2012 OK 2, ¶ 4, 270 P.3d 155, 157. The party moving for dismissal bears the burden of proof to show the legal insufficiency of the petition. *Tuffy's, Inc. v. City of Oklahoma City,* 2009 OK 4, ¶ 6, 212 P.3d 1158, 1163.

### IV. Discussion

¶ 9 Oklahoma law vests in the OCC exclusive jurisdiction over "the exploration, drilling, development, production and operation of wells used in connection with the recovery, injection or disposal of mineral brines." 17 O.S.2011, § 52. Consequently, only this Court has jurisdiction to review, affirm, reverse, or remand any action of the OCC. 9 OKLA. CONST., § 20.

¶ 10 The OCC's jurisdiction is limited solely to the resolution of public rights. *Morgan v. Oklahoma Corp. Comm'n,* 2012 OK CIV APP 31, ¶ 10, 274 P.3d 832, 836 (citing *Marathon Oil Co. v. Oklahoma Corp. Comm'n,* 1994 OK 28, ¶ 14, 910 P.2d 966, 969). That is, the OCC "is without authority to hear and determine disputes between two or more private persons or entities in which the public interest is not involved." *Rogers v. Quiktrip Corp.,* 2010 OK 3, ¶ 7, 230 P.3d 853, 857 (footnote omitted). See also *Morgan,* 2012 OK CIV APP 31, ¶ 10, 274 P.3d at 836; *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 70, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (observing that, at a minimum, to be deemed a public rights dispute, a case must arise between government and others). "The Commission, although possessing many of the powers of a court of record, is without the authority to entertain a suit for damages." *Rogers,* 2010 OK 3, ¶ 6, 230 P.3d at 857. Private tort actions, therefore, are exclusively within the jurisdiction of district courts. *Grayhorse Energy, LLC v. Crawley Petroleum Corp.,* 2010 OK CIV APP 145, ¶ 12, 245 P.3d 1249, 1254; *Tenneco Oil Co. v. El Paso Nat. Gas Co.,* 1984 OK 52, ¶ 21, 687 P.2d 1049, 1053–54.

¶ 11 A district court may not, however, levy a collateral attack "upon the orders, rules and regulations of the [OCC]." 52 O.S.2011, § 111.[2] In *Nilsen v. Ports of*

---

2. 52 O.S.2011, § 111:

No collateral attack shall be allowed upon orders, rules and regulations of the Commission made hereunder, but the sole method of reviewing such orders and inquiring into and determining their validity, justness, reasonableness or correctness shall be by appeal from such orders, rules or regulations to the Supreme Court. On appeal every such order, rule or regulation shall be regarded as prima facie, valid, reasonable and just. No court of this state except the Supreme Court, and it only on appeal, as herein provided, shall have jurisdiction to review, reverse, annul, modify or correct any order, rule, or regulation of the Commission....

*Call Oil Co.*, 1985 OK 104 ¶ 11, 711 P.2d 98, 101 n. 5, we stated that "[a] collateral attack is an attempt to avoid, defeat, evade, or deny the force and effect of a final order or judgment in an incidental proceeding other than by appeal, writ of error, certiorari, or motion for new trial." A district court's power to inquire into the validity of an OCC order is limited to ascertaining if the OCC had jurisdiction to issue the order in the first place. *Pelican Prod. Corp. v. Wishbone Oil & Gas, Inc.*, 1987 OK CIV APP 74, ¶ 13, 746 P.2d 209, 212. Nevertheless, an OCC order "does not immunize the operator, or other parties connected to the pooling order, from lawsuits in the district courts." *Grayhorse*, 2010 OK CIV APP 145, ¶ 11, 245 P.3d at 1254. Rather, district courts simply cannot reverse, modify, or correct OCC orders. *Id.* (citing 52 O.S.2011, § 111).

¶ 12 Appellant has pled a private cause of action in this matter.[3] She alleges that Appellees engaged in "ultrahazardous activities" that necessarily involve a risk of serious harm that cannot be eliminated by the exercise of utmost care; and that Appellees owed a duty to Appellant to use ordinary care and to not operate or maintain their injection wells in such a way as to cause or contribute to seismic activity. Whether Appellees are negligent or absolutely liable is a matter to be determined by a district court. *NBI Services, Inc. v. Ward*, 2006 OK CIV APP 20, ¶ 20, 132 P.3d 619, 626. The OCC does not have the authority to resolve these issues. *Kingwood Oil Co. v. Hall–Jones Oil Corp.*, 1964 OK 231, ¶ 9, 396 P.2d 510, 512. Appellees confuse the statutory grant of exclusive jurisdiction to the OCC to *regulate* oil and gas exploration and production activities in Oklahoma, with the jurisdiction to *afford a remedy* to those whose common law rights have been infringed by either the violation of these regulations or otherwise. *NBI Services, Inc.*, 2006 OK CIV APP 20, ¶ 21, 132 P.3d at 626. Because this case does not seek to reverse, review, or modify an OCC order, but simply seeks to recover damages, jurisdiction is proper in the district court.

### V. Conclusion

¶ 13 Allowing district courts to have jurisdiction in these types of private matters does not exert inappropriate "oversight and control" over the OCC, as argued by the Appellees. Rather, it conforms to the long-held rule that district courts have exclusive jurisdiction over private tort actions when regulated oil and gas operations are at issue. See *Kingwood*, 1964 OK 231, ¶ 7, 396 P.2d at 513. Because the Appellant properly brought the action in the District Court of Lincoln County, we reverse and remand for further proceedings consistent with the views expressed in this opinion.

REVERSED AND REMANDED.

CONCUR: REIF, C.J., KAUGER, WATT, WINCHESTER, TAYLOR, COLBERT, GURICH, JJ.

NOT PARTICIPATING: COMBS, V.C.J., EDMONDSON, J.

---

3. We are here concerned only with the district court's jurisdiction. We do not decide today whether Appellant's petition sufficiently stated a claim.